## JOHNSON v. UNITED STATES.
### No. 14409.

United States Court of Appeals
Eighth Circuit.

April 4, 1952.

George F. Edwardes, Texarkana, Ark., for appellant.

Charles A. Beasley, Jr., Asst. U. S. Atty., Fort Smith, Ark. (R. S. Wilson, U. S. Atty., and Hugh M. Bland, Asst. U. S. Atty., Fort Smith, Ark., on the brief), for appellee.

Before GARDNER, Chief Judge, and RIDDICK and COLLET, Circuit Judges.

GARDNER, Chief Judge.

Appellant was tried on an indictment containing two counts charging him with a violation of the Motor Vehicle Act, Title 18 U.S.C. § 2312. Count 1 in substance charged that on or about July 10, 1950, John M. Johnson, Jr., appellant herein, transported a stolen motor vehicle; to-wit, a 1949 Ford Coach, Motor No. 98 EA 2433-45, the property of Mrs. Bert Barnes, Fort Worth, Texas, from Texarkana, Arkansas to Texarkana, Texas, knowing the said vehicle to have been stolen. The second count in substance charged that on or about July 4, 1950, he transported a stolen motor vehicle; to-wit, a 1949 Ford Coach, Motor

No. 98 EA 243345, the property of Mrs. Bert Barnes, Fort Worth, Texas, from Fort Worth, Texas to Texarkana, Arkansas, knowing the said vehicle to have been stolen. We shall refer to appellant as defendant.

The evidence of the government showed that on or about July 6, 1950, one Clyde Bell stole a motor vehicle claimed to be the one described in the indictment, from a parking lot back of a theater building in Fort Worth, Texas. He was alone at the time he stole the car. Bell was the sole witness produced by the government with reference to the act of stealing and transporting. At the time he was called as a witness he was serving a sentence in a penitentiary in Colorado and according to his own testimony he had served some five or six penitentiary sentences. Not having a key for the stolen vehicle he wired the ignition and drove it out of the parking lot into the streets of Fort Worth, Texas. He soon picked up the defendant, although there was no evidence of preconcert of action. He drove defendant about the streets for a time and then they parted and were not again together until some three days later when Bell "ran into him" at the Salter Hotel in Fort Worth, Texas, where Bell was living. Bell testified that following this meeting, "we left and come to Texarkana." Bell was driving the car and Johnson accompanied him. When they crossed into the State of Arkansas at Texarkana, they were halted by police officers. Johnson then attempted to get out of the car but Bell told him to keep still; that he was going to make a run for it. In this regard Bell testified: "I told him to keep still; that I was going to try to make a run for it, and about that time the officers started shooting and I don't recall just what all took place then." Bell drove the car across the state line back into the State of Texas. The officers shot into the car a number of times but Bell drove it down into a part of Texarkana lying in Texas, where he made his escape. Johnson got out of the car before it stopped. It does not appear where Johnson went but it appears that Bell was later arrested at some point in Colorado.

Bell did not tell Johnson that the car was stolen. As to this matter he testified as follows: "I didn't figure I had to tell Johnson I stole it. I did not tell him straight out that I stole that car, no." There is no evidence that Johnson at any time had any control of the car during its transportation, or that he made any claim to the car or that he bought any gas for use in the car on the trip. There was considerable confusion in the testimony with reference to the description of the car. Some called it a two-door; some called it a two-door sedan; some called it a two-door coach, and one witness called it a coupe. There was also some confusion as to its color.

At the close of the government's testimony defendant interposed a motion for a judgment of acquittal on two grounds. The first went to the insufficiency of the proof as to the identity of the motor vehicle as described in the indictment, and the second challenged the sufficiency of the evidence to show that defendant had participated in either the theft or transportation of the car or that he had aided and abetted therein. The court sustained the motion as to Count 1 and in doing so said: "I think it (the evidence) is too flimsy to assume that he aided, abetted or assisted, when he was not under the wheel and when it all happened in just a moment there, and when he was not in direct command of the automobile. I don't think one can say he aided, abetted or assisted in that run across the line when he was not driving, and he was not telling the driver to do it. On the other hand, the undisputed evidence was that he was trying to get out of there. I am going to sustain your motion for judgment of acquittal on Count 1."

When counsel began their argument to the jury, the court in referring to Count 1, among other things said: "The Court does not think that Count 1 should be submitted to the jury, because there is no substantial evidence to the effect that the defendant had aided and assisted Clyde Bell in the transportation of that automobile across the line here in Texarkana. Bell seemed to act on his own initiative, while the officers were shooting at the car and at him, and I don't

think I can fairly say that the defendant had any part in aiding, assisting or abetting in that transportation of the automobile across the state line in this city. The Court will let the case go to the jury on Count 2."

The jury returned a verdict of guilty as to Count 2 and from the judgment entered thereon this appeal is prosecuted. Appellant seeks reversal on the ground that the court erred in denying his motion for acquittal interposed at the close of all the testimony, urging the same grounds as presented by his motion for acquittal.

■ It is strenuously argued that the evidence was insufficient to identify the car which was actually stolen and transported as the car described in the indictment. Appellant relies very strongly upon the decision of this court in Cox v. United States, 8 Cir., 96 F.2d 41. The facts in the two cases are, however, very dissimilar. In the instant case the indictment in describing the automobile gave the motor number as 98 EA 243345, whereas the proof showed that the motor number of the stolen car was 98 BA 243345. Counsel for defendant with commendable frankness now concedes that this discrepancy between the description contained in the indictment and the proof did not constitute a fatal variance. United States v. Drexel, 2 Cir., 56 F.2d 588.

■ As has been observed, there was some confusion as to the style or type of the car in controversy. It is variously referred to by the witnesses as a "sedan", a "custom sedan", a "coach", and a "two-door sedan". There was also some discrepancy in the testimony as to the shade or color. Bell thought it was a cream color but admitted that it might have been a grey color. The car was a 1949 light grey Ford sedan with two doors. The motor number of Mrs. Barnes' automobile was 98 BA 243345 and that was the motor number on the car that was in fact transported from Fort Worth, Texas, to Texarkana, Arkansas, and there abandoned. When Mrs. Barnes' automobile was returned to her it had a number of bullet scars on it. Other circumstances clearly pointed to the conclusion that the car described in the indictment was the car transported and we think there was abun-

dant evidence warranting the jury in so finding beyond a reasonable doubt.

Section 2312, Title 18 U.S.C. provides that, "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

■■ It is not contended by the government that there is any direct evidence that defendant personally participated in either the theft or the transportation of the car, but it is claimed that he aided and abetted in its transportation and hence should be held guilty as a principal. Section 2(a), Title 18 U.S.C. provides that, "Whoever commits an offense against the United States, or aids, abets counsels, commands, induces, or procures its commission, is a principal." The question for determination is whether there was substantial evidence from which the jury might have found beyond a reasonable doubt that defendant aided and abetted in the commission of the crime charged. To be an aider and abetter it must appear that one so far participates in the commission of the crime charged as to be present, actually or constructively, for the purpose of assisting therein. Thus, one who gives aid and comfort, or who commands, advises, instigates or encourages another to commit a crime may be said to be an aider and abetter. Generally speaking, to find one guilty as a principal on the ground that he was an aider and abetter, it must be proven that he shared in the criminal intent of the principal and there must be a community of unlawful purpose at the time the act is committed. As the term "aiding and abetting" implies, it assumes some participation in the criminal act in furtherance of the common design, either before or at the time the criminal act is committed. It implies some conduct of an affirmative nature and mere negative acquiescence is not sufficient. Morei v. United States, 6 Cir., 127 F.2d 827; United States v. Dellaro, 2 Cir., 99 F.2d 781. In fact, it has been held that the mere fact that one is present at the scene of a crime, even though he may be in sympathy with the person committing it, will not render

him an aider and abetter. The rule is stated in the article on Criminal Law, 22 C.J.S., § 88 b(3), page 160, as follows: "The mere fact that one present at the scene of a crime may be in sympathy with the person committing the same or may approve of his act will not render the former an aider or abettor. So, also, the mere fact that one present may negatively consent to the commission of the felony will not render him a principal in the second degree, and instructions using the word 'consent' have frequently been held erroneous."

■ The defendant was, of course, presumed to be innocent and the evidence from which it could possibly be gathered that he was an aider and abetter in the commission of the crime is entirely circumstantial. The trial judge in granting the motion for judgment of acquittal as to Count 1 pointed out the lack of any evidence that defendant had any control or dominion over the car that was being transported as charged in that count. In fact, so far as any overt act of the defendant is concerned, when confronted by officers on arrival in the State of Arkansas he attempted to leave the car but was prevented from doing so and coerced by the driver Bell to remain in the car. There is nothing in the evidence —and we have taken the trouble of going through the entire transcript of testimony— to indicate that defendant had any control over the movement of this car as charged in Count 2 of the indictment. So far as he was concerned it was the car of the man who stole it and Bell alone conducted and determined the course and direction of this car. There is nothing to indicate that defendant asserted any interest in the car or that there was any purpose of profit to defendant from its theft. As said by us in Cox v. United States, supra [96 F.2d 43], "proof of circumstances which, while consistent with guilt, are not inconsistent with innocence, will not support a conviction". See, also: Wesson v. United States, 8 Cir., 172 F.2d 931; Pevely Dairy Co. v. United States, 8 Cir., 178 F.2d 363; Read v. United States, 8 Cir., 42 F.2d 636. In Wesson v. United States, supra, we reversed a conviction based upon circumstantial evidence. In the course of that opinion we among other things said [172 F.2d 933]: "Inferences must be based upon proven facts or facts of which judicial notice must be taken and one inference cannot be based upon another inference. To sustain a finding of fact the circumstances proven must lead to the conclusion with reasonable certainty and must be of such probative force as to create the basis for a legal inference and not mere suspicion. Circumstantial evidence, even in a civil case, is not sufficient to establish a conclusion where the circumstances are merely consistent with such conclusion or where they give equal support to inconsistent conclusions."

■ The circumstances proved in this case are not inconsistent with defendant's innocence and mere suspicion or conjecture is not sufficient to sustain a conviction. It follows that the judgment must be reversed and the cause remanded to the trial court with directions to enter a judgment of acquittal under Rule 29(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.