Max **WEST**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 19526.

United States Court of Appeals
Fifth Circuit.

Dec. 20, 1962.

1. United States v. Roger Williams, D.C., 203 F.Supp. 123.

James S. McGrath, Beaumont, Tex., for appellant.

Leighton Cornett, Asst. U. S. Atty., Wm. Wayne Justice, U. S. Atty., Tyler, Tex., for appellee.

Before HUTCHESON, WISDOM and GEWIN, Circuit Judges.

PER CURIAM.

Appellant, Max West, was a co-defendant in an indictment with defendant Fulford. The third count was a conspiracy count, charging Fulford and West with unlawful conspiracy together with the co-conspirators, Henson and LeBlanc, involving the sale of opium alleged in Counts One and Two. Convicted and sentenced, the appellant is here, through appointed counsel urging four specifications of error.

The first is that the trial court erred in overruling appellant's motion for a severance on the ground that he and Fulford were represented by the same counsel, and the further ground that with the evidence centering on Fulford as the chief criminal actor, it made it difficult for West to receive a fair trial.

A consideration of the record as a whole makes it clear that the allowance or disallowance of severance was within the sound discretion of the judge, and that it was not abused.

Appellant's second point is that the court erred in admitting evidence of an attempt on the part of a co-defendant to sell other narcotics illegally where there was no showing of knowledge on the part of the appellant and same occurred outside of appellant's presence.

While this situation does have a bearing on appellant's point one, that he ought not to have been tried with Fulford, it doesn't seem to us on the record that the admission of the evidence was prejudicial.

Appellant's third point is that the admission of evidence as to the means and manner of using opium and the effect of such use upon human beings of opium and related narcotics was prejudicial to the appellant. This is no more than saying that it was prejudicial to the appellant to charge him with dealing in opium and other narcotics. The question still remains whether the charge against him was proved and whether the admission of the evidence objected to erroneously and adversely affected the defendant, and, without more, it is sufficient to say that no prejudicial error was shown in respect to these matters.

Appellant's final and main point is that there is not a sufficiency of evidence to support the verdict of the jury. While the evidence is much less strong against West than against Fulford, and it is true that the evidence to convict West was circumstantial, it is, we think, clear that, judged by the applicable tests, the evidence was sufficient to support the jury's verdict that West was guilty.

The requirement, that circumstantial evidence be sufficiently cogent to prove guilt and that the circumstances must have such force and bearing as to justify the jury in finding that they were not only consistent with defendant's guilt but inconsistent with his innocence, is a sound one. In each such case the judge must first determine whether as matter of law the evidence is sufficient to support a finding of guilt, but it is not for the judge but for the jury to determine whether in fact it makes out a case of guilt. A reading and study of the record shows, we think, that this is just another case in which the defendant, bearing down on the dangers of conviction on circumstantial evidence, seeks to have the court invade the province of the jury as to whether the facts were sufficient to establish guilt and that this is just another case wherein man cannot touch pitch and not be defiled.

No reversible error appearing, the judgment is

Affirmed.