Ronald Dennis **BARNES**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 21251.

United States Court of Appeals
Fifth Circuit.

Feb. 4, 1965.

Ernest C. Wiggins, Jacksonville, Fla., for appellant.

James H. Walsh, Asst. U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., Middle Dist. of Florida, for appellee.

Before TUTTLE, Chief Judge, and JONES and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

This is an appeal from a judgment of conviction for violation of the Dyer Act, 18 U.S.C.A. § 2312.[1]

The Government proved that on November 28, 1962, a 1962 Chevrolet Biscayne automobile was illegally taken from the house of Harold Kautz in Wayne, New Jersey.[2] The automobile was later recovered at Jacksonville, Florida. The chief government witness, Clifford E. Cole, testified that on November 30, 1962, he observed defendants, Ronald D. Barnes and Roy E. Ames, Jr.,[3] coming out of the laundry room at the Atlantic Gardens Apartments in Atlantic Beach, Florida. Upon entering the laundry room, Mr. Cole found that a candy machine had been broken open. He immediately proceeded to inform the manager of the apartments. Mr. Cole stated that, while he was talking to the manager, he noticed defendants Barnes and Ames "making a break" between the apartments toward a car that was parked nearby. Apparently, the door to the automobile was either jammed or locked, and while the defendants were struggling to get in, Cole parked his car broadside in front of the vehicle. The defendant and his companion then ran "for the woods." The Government established that the automobile which the defendants had attempted to enter was the same automobile that was taken from Mr. Kautz's possession in New Jersey, and

---

1. Defendant was charged in a one count indictment as follows:
"That on or about November 30, 1962, in the Middle District of Florida, RONALD DENNIS BARNES and ROY EUGENE AMES, transported in interstate commerce from Wayne, New Jersey to Atlantic Beach, Florida a motor vehicle, to-wit: a 1962 Chevrolet, 2-door Biscayne, Identification No. 21111T218165, knowing the same to have been stolen;

in violation of Title 18, United States Code, Section 2312."

2. At the time of the theft, Mr. Kautz was legally in possession of the automobile as the bailee of his employer, the Continental Insurance Co. of Patterson, New Jersey.

3. Before trial, the parties agreed that the court would try Ames, a juvenile, and the jury would try Barnes, an adult.

that certain fingerprints taken from behind the rearview mirror were those of defendants Barnes and Ames.

Defendant Barnes, testifying in his own behalf, stated that he left his home in Connecticut with Ames and hitchhiked to Florida, obtaining five or six automobile rides en route, and that he could not recall any of the cars in which he had ridden during the trip. However, he asserted that both he and Ames had participated in driving some of the cars during the trip. One of their rides terminated in Jacksonville, but they later hitchhiked to Miami.

The primary issue for us to determine is whether the learned trial judge committed prejudicial error in his oral charge to the jury by neglecting to submit to them the issue of whether the defendant Barnes was in *possession* of the stolen automobile.[4] To state the issue another way, did the trial court erroneously and prejudicially invade the province of the jury by presupposing that defendant Barnes had possession of the vehicle, considering the fact that the evidence of possession adduced at the trial was highly circumstantial?

■ It is well settled that the unexplained possession of the fruits of a crime soon after its commission justifies the inference that such possession is guilty possession, and, though only prima facie evidence of guilt, may be of controlling weight unless explained away by the circumstances or accounted for in some way consistent with innocence. Such was our holding in Herman v. United States,

289 F.2d 362, 367 (5 Cir. 1961). See also Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090 (1896); Barfield v. United States, 229 F.2d 936 (5 Cir. 1956); Battaglia v. United States, 205 F.2d 824 (4 Cir. 1953). The trial court correctly quoted our holding in Herman, but he failed to charge on the question of possession.

■ We are of the opinion that, under the facts and in the circumstances of this case the charge was erroneous; and that a careful instruction on the law of "possession" was necessary in order to protect the substantial rights of the defendant. In Barfield v. United States, supra, we concluded:

"[W]e think the Trial Judge must take great pains to make certain that the jury understands what is required to be possession as well as those factors which they must take into account to determine whether there can be a rational inference [of possession]."

The effect of the charge in the instant case was to shift the burden of proof to the defendant to overcome a prima facie inference of guilt from the fact of possession, when possession had not been clearly established by the evidence. There was no direct testimony that defendant Barnes ever had possession of the vehicle, but only circumstantial evidence from which the jury could draw the conclusion that the defendant had been in possession. The charge assumes that possession had been proved. The jury

4. The pertinent part of the court's charge was as follows:
"I want to make reference now to a recent decision which I think is in point here and may be of value to you as you appraise and evaluate the evidence. This is a decision of the Fifth Circuit Court of Appeals in a recent case, Herman v. United States, in which the Court held this—made this statement:
"'Unexplained possession of the fruits of a crime shortly after its commission may justify the inference that the possession is guilty possession. Such evidence is no more than prima facie evidence of guilt, but it may control if it is not explained by circumstances consistent with innocence.'
"Now in reading that passage to you, I used a phrase that you may not be familiar with; that is to say, 'prima facie evidence'.
"I will instruct you that 'prima facie' evidence is such evidence as in the judgment of the law is enough to establish a fact if it is not rebutted or contradicted by other evidence."

should have been permitted to decide that issue under proper instructions.[5]

In a criminal case based substantially upon circumstantial evidence as here, the court must assiduously adhere to the requirement that circumstantial evidence be sufficiently convincing to prove guilt, and that the surrounding circumstances must have such force and bearing as to justify the jury in finding that they were not only consistent with defendant's guilt, but inconsistent with his innocence. West v. United States, 311 F.2d 69 (5 Cir. 1962). In Herman there was no question of the sufficiency of the proof of the defendant's possession of the stolen jewelry. That issue was foreclosed by the evidence at the trial.

We are also confronted with the fact that no timely objection was made to the court's charge. According to Rule 30, F.R.Crim.P.,[6] a party cannot assign as error any portion of the charge or any omission therefrom unless he objects as the rule provides. However, the error we have noted is a substantial one in our opinion. We believe the issue of possession is such a fundamental question in this case that the Plain Error Rule[7] requires us to notice it.

In view of our conclusion, we do not reach the issue of the failure of the trial court to grant the motion for a judgment of acquittal.

Reversed and remanded for further proceedings not inconsistent with this opinion.

5. The following definition of "possession" was approved by the Ninth Circuit in the recent case of Arellanes v. United States, (1962), 302 F.2d 603, 608 (see note 8):
   "The law recognizes two kinds of possession; actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is then in actual possession of it. A person who although not in actual possession, knowingly has the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession. The law recognizes also that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, their possession is joint."
   Judge Minton, later Justice Minton, gave the following definition in United States v. Wainer, (7 Cir. 1948) 170 F.2d 603, 606:
   "To 'possess' means to have actual control, care and management of, and not a passing control, fleeting and shadowy in its nature."
   See also Barfield v. United States, (5 Cir. 1956) 229 F.2d 936.

6. Rule 30, F.R.Crim.P. provides, inter alia:
   " * * * No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

7. Rule 52(b), F.R.Crim.P. provides:
   "(b) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."