**Anthony Marco RAMIREZ, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20385.**

United States Court of Appeals
Ninth Circuit.

June 14, 1966.

Rehearing Denied July 22, 1966.

E. Myron Bull, Jr., San Francisco, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before JERTBERG and ELY, Circuit Judges, and JAMESON, District Judge.

JERTBERG, Circuit Judge:

Following trial to a jury appellant was convicted on both counts of a two count indictment charging violations of 21 U.S.C. § 176a, and 19 U.S.C. §§ 1459, 1461, 1484 and 1485.

The first count charged that appellant and one Curry, and one Gutierrez, with intent to defraud the United States, knowingly smuggled and clandestinely introduced into the United States from Mexico, approximately 12 pounds of marijuana, which marijuana should have been invoiced, and knowingly imported and brought the marijuana into the United States contrary to law, in that it was not presented for inspection, entered, and declared.

The second count charged that appellant, and the two other persons named in Count One, with intent to defraud the United States, knowingly received, concealed and facilitated the transportation and concealment of approximately 12 pounds of marijuana, which marijuana, as the defendants then knew, had been imported and brought into the United States contrary to law.

Curry testified as a witness for the government at appellant's trial. He testified that he was on probation, having been placed on probation for five years after having spent three or four days in jail. The record does not reveal what disposition was made of the charges against Gutierrez, except Curry's testimony that he didn't know what happened to Gutierrez except that "somebody said he got sentenced, got convicted."

Following conviction appellant was sentenced to the custody of the Attorney General of the United States for a term

of five years on each count, the sentences to run concurrently.

On this appeal, appellant, among other contentions, claims that the evidence submitted to the jury was legally insufficient to sustain a conviction. Appellant's motion for a directed verdict on that ground was denied by the District Court.

We have reviewed the record, as we must, in the light most favorable to sustain the conviction. Notwithstanding such approach, we are constrained to hold that the evidence is legally insufficient to sustain the conviction. In these circumstances we deem it unnecessary to consider other errors specified by the appellant.

While appellant was charged as a principal, as is permitted under 18 U.S.C. § 2(a),[1] the record is devoid of any evidence that appellant directly committed either of the offenses set forth in the indictment. Appellant did not purchase any marijuana in Mexico. Eight pounds of the marijuana mentioned in the indictment was purchased in Mexico by Curry, who furnished the purchase price. No participation in the purchase is shown by any word, act or conduct of appellant. Appellant was present at the time of the purchase and unquestionably had knowledge thereof. The other four pounds of marijuana mentioned in the indictment was purchased by Gutierrez. Appellant was not present at such purchase and there is nothing in the record to suggest that he participated, directly or indirectly, in such purchase. Neither the marijuana purchased by Curry nor the marijuana purchased by Gutierrez was ever in the physical possession of appellant. The record discloses no act, word or conduct on the part of appellant in relation to the possession of the marijuana. The marijuana was placed in Gutierrez's car in Mexico by either Curry or Gutierrez. The marijuana was transported across the border by Gutierrez, in his automobile. Curry and appellant walked across

the border, and saw that Gutierrez's car was stopped by the Customs Officials and Gutierrez was apprehended. Gutierrez and Curry traveled from the United States to Mexico in Gutierrez's car.

By what means appellant arrived in Mexico does not appear in the record, except that he came with one "Bob", whose name does not otherwise appear in the record. Curry testified that he and appellant had previously agreed to meet in Mexico to purchase marijuana. He further testified that although he used his own money for the purchase which he made, he intended that half of the purchase price should constitute a loan by him to appellant, and that it was his intention that the marijuana purchased by him was to be split with the appellant. The record is devoid of any act, word, or conduct on the part of appellant in relation to such matters.

The conviction of appellant rests entirely upon the uncorroborated testimony of Curry, except the testimony of a police officer from San Diego who testified that appellant stated to him that he had been in Mexico on the day that Gutierrez was stopped after crossing the border and was apprehended by the Customs Officers.

If the conviction of appellant is to be sustained, it must be on the ground that he aided or abetted Gutierrez or Curry in the commission of the offenses set forth in the indictment. Guilt cannot be established by mere association.

"But knowledge that a crime is being committed, even when coupled with presence at the scene, is generally not enough to constitute aiding and abetting. In Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 93 L.Ed. 919 (1949), the Supreme Court said, quoting Judge Learned Hand in United States v. Peoni, 100 F.2d 401, 402 (2 Cir. 1938):

'In order to aid and abet another to commit a crime it is necessary

[1.] 18 U.S.C.A. § 2(a) provides:
"(a) Whoever commits an offense against the United States or aids, abets,

counsels, commands, induces or procures its commission, is punishable as a principal."

that a defendant "in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed." ' ".

United States v. Garguilo, 310 F.2d 249 (2d Cir. 1962), at 253.

We find in the record no action, by word or act, on the part of appellant to make the crime succeed except appellant's knowledge that a crime was to be committed, and that he was present at the scene.

The judgment of conviction is vacated and the cause remanded to the District Court with instructions to dismiss the indictment.