**UNITED STATES of America**

**v.**

**Gerald Henry BATTLES.**

**No. CRD6619.**

United States District Court
N. D. Mississippi,
Delta Division.

April 26, 1967.

H. M. Ray, U. S. Atty., and E. Grady Jolly, Jr., Asst. U. S. Atty., for the United States.

William B. Alexander, Cleveland, Miss., for defendant.

**OPINION OF THE COURT**

CLAYTON, Chief Judge.

In this case defendant was tried to a jury on an indictment which charged him with the interstate transportation of a stolen automobile, knowing it to have been stolen.[1] At the close of the government's case defendant moved for judgment of acquittal. This motion was overruled and defendant rested his case, moving again for judgment of acquittal. This motion was also overruled and the jury found defendant guilty.

Defendant then renewed his motion for judgment of acquittal and moved alternatively for a new trial. This motion has been submitted on briefs and is now for disposition.

Only one issue is for consideration—the sufficiency of the evidence. The proof is that the automobile was stolen after midnight in Memphis, Tennessee, and was found abandoned in Tate County, near Senatobia on the afternoon of that same day, December 5, 1965. Unquestionably a stolen vehicle was transported in interstate commerce.

The essence of the wholly circumstantial evidence to convict the defendant of the foregoing will be stated.

1. 18 U.S.C. § 2312.

1) A person representing himself to be Gerald Henry Battles registered at a Holiday Inn in Memphis at about 8:50 P.M. on December 4, 1965, and was assigned to room 356.

2) Comparison of the handwriting of the motel guest and a known exemplar of defendant's handwriting leaves no doubt that defendant was the person who registered, and thus was in Memphis at that time.

3) Defendant was having marital difficulties and was separated from his wife who then was residing with her mother near Senatobia, Mississippi.

4) At about 4:00 or 4:30 A.M., December 5, defendant drove up alone to the house where his wife was staying in an automobile which was described as being dark colored and which appeared to have two antennas on its rear. When defendant was asked what he was driving he replied that he did not know. He attempted to see his wife without success and departed after a short time.

5) Later that same day defendant returned to this home driving a commercial bakery truck.

6) The stolen automobile was found wrecked with extensive damage thereto and abandoned on a rural road early that afternoon. It was a dark colored vehicle which had been equipped with two antennas on the rear, one of which had been broken off.

7) A key for room 356 at the Holiday Inn into which defendant had registered the night before was found in this auto.

8) A fingerprint lifted from the inside of this vehicle was identified as defendant's.[2]

The thrust of one of defendant's factual arguments is that since a total of six prints were lifted from the rear view mirror and a plastic box, with four (other than defendant's) being legible, then any one of the five or "six" people could have transported the automobile from Memphis to Tate County. (The evidence is that there were "more than one" set of prints). As an exercise in possibilities defendants' hypothesis could be so, but it overlooks the fact that other items of proof apply only to defendant.

Defendant also says that since a person who gave his name as Gerald Ferguson told the desk clerk at the aforementioned motel on the morning of December 5, that he had spent the night in room 356 and that he would check out about 3:00 P.M., and since the whereabouts of this person at the critical times are not shown by any evidence, then this person could have transported the stolen vehicle. Again, as an exercise in possibilities this could be so, but again it overlooks the other items of evidence which cumulatively point the finger of guilt at the defendant. And, while these two points are categorized as possibilities they can not be classified as reasonable nor even remotely persuasive. Two small links do not make a chain but, the chain of at least eight links is complete as to the defendant.

Defendant has cited three cases which he contends support his argument. However, all three of these cases are distinguishable from the case here in that the threads upon which guilt hung in those cases were tenuous, weak and incomplete while the numerous links here, as aforementioned, make the chain of guilt complete as to defendant.

Defendant's reliance on Allison v. United States, 348 F.2d 152, 154 (10 Cir. 1965) is misplaced. There the defendant was seen in Elk City, Kansas, in an automobile which had been stolen in Springfield, Missouri, but there was no evidence to put the defendant in Missouri at any time. The car had been stolen July 11 and the defendant was not seen in it until July 13 and no evidence was in that record which showed or implied that Allison had ever driven the stolen automobile. If the facts in Al-

---

**2.** The officer who lifted this one print lifted several others. All lifted prints were from either a plastic box which was in the vehicle or from the rear view mirror. It could not be established which place defendant's print came from.

lison had been as strong as they are here it appears obvious that the conviction would have been affirmed.

Defendant also relies on Cammila v. United States, 207 F.2d 339 (6th Cir. 1953), but it misses the mark completely. The only evidence there of defendant's guilt with respect to the interstate transportation of the stolen automobile was his association with a co-defendant in the state in which the automobile was found, plus his fingerprints which were found therein. Again, if the evidence had been complete in Cammila as it is here the result there would have been different.

The other case upon which defendant relies is Johnson v. United States, 195 F. 2d 673 (8th Cir. 1952). This case can afford him little comfort. The defendant was tried for aiding and abetting in the interstate transportation of a stolen automobile. The principal, Bell, testified that he never told the defendant that the automobile was stolen and that Johnson was merely accompanying him to Texarkana. There was no evidence that the defendant ever had control over the car, or that he ever knowingly participated in any part of the crime charged. Finally, Johnson is not applicable to the facts here since its holding rests upon the premise that inferences can not be built upon inferences (which is the basis of defendant's position) and this is a rule of law which is no longer viable.

■ Even if the government depended here upon inference upon inference (which it does not) defendant's argument on this aspect of the case would fail. See e. g., Toliver v. United States, 224 F.2d 742, 745 (9th Cir. 1955). The double step of inference upon inference is present in the proof of almost all facts. See 1 Wigmore Evidence Section 41. Consider also that in a case such as this, where possession of a recently stolen automobile in a state other than the state in which the theft occurred warrants an inference of knowledge that the vehicle was stolen and also warrants the inference of interstate transportation.

■ Defendant's argument in fact places entirely too much emphasis on the defendant's fingerprint which was found in the stolen automobile. This was by no means the only evidence connecting him with the crime charged. In sum, he was put in the same area from which the car was stolen at about the time it was stolen; he was put in the same area where the stolen car was found at about the time when it was found, driving an automobile of the same general description. He was shown to have admitted in Tate County (where the car was found) that he didn't know what he was driving. It was shown that by noon on December 5 the defendant had changed from the car which he was driving earlier and was then driving a commercial bakery truck and the car in question was found wrecked and abandoned near where defendant was known to have been that morning. In this abandoned and wrecked vehicle defendant's fingerprint and the key to the motel room into which he was registered were found. Absent direct evidence, which is not required, it is difficult to envision stronger proof of guilt. Vuckson v. United States, 354 F.2d 918 (9th Cir. 1966), cert. den. 384 U.S. 991, 86 S.Ct. 1896, 16 L.Ed.2d 1007. The rule that circumstantial evidence is not inferior to direct evidence applies, of course, to cases such as this. LaConte v. United States, 330 F.2d 700 (10 Cir. 1954). See also, Downey v. United States, 263 F.2d 552, 553 (10 Cir. 1959).

An order will be entered overruling defendant's motion for a judgment of acquittal or a new trial.