**Marvin Odell SALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41158.**

Court of Criminal Appeals of Texas.

March 27, 1968.

**250**

Wayne Bagley, Amarillo, for appellant.

Gene Compton, Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery with firearms; the punishment, 45 years.

■ Appellant's first ground of error is that the court erred in admitting in evidence a picture of the young woman who was robbed, stationed at her checking stand where she was robbed. At the time of trial no reason was assigned for the objection. On appeal it is contended that since the witness testified that the picture was taken at a time other than during the robbery, the same should not have been admitted. We are cited no authority and know of none which would render the admission of the photograph error.

■ His next ground of error is that the "verdict is contrary to the evidence". He bases his contention upon the fact that the State relied solely upon the testimony of the woman who was robbed. She was positive in her identification of appellant, who at gun point robbed her of more than $200.00, and the jury chose to believe her and disbelieve appellant's testimony as to alibi and his testimony that another prisoner in the Potter County Jail, who was available as a witness but was not called, had told him while they were cell mates that he had committed the robbery in question.

Reliance is had upon one sentence found in the opinion of this Court in Nix v. State, Tex.Cr.App., 74 S.W. 764, which we quote: "And again, the reasonable doubt, as insisted on by appellant, could arise from a want of evidence as well as from the evidence." We fail to see the applicability of such quotation to the case at bar. The case itself would not support appellant's contention.

We shall briefly discuss the other cases cited in appellant's brief. We are at a loss to see how Curley v. United States, 81 U.S. App.D.C. 389, 160 F.2d 229, applies to the case at bar. Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331, also cited by appellant is an interesting Mann Act case, but we fail to see its relevance to this case.

Lambert v. United States, 261 F.2d 799, is a Dyer Act case in which the Fifth Circuit Court of Appeals held the evidence sufficient to support the conviction and affirmed the conviction.

Riggs v. United States, 5 Cir., 280 F.2d 949, is a moonshine conspiracy case in which the appellant's connection with the illicit whiskey was not shown, but we fail to see how it could be said to be applicable to the case at bar, where the woman who was robbed at pistol point first identified a police picture of appellant, later identified appellant in a lineup, and, even though vigorously cross examined, maintained throughout that it was appellant who robbed her, caused her to undress and then hit her over the head prior to leaving the premises which were under her control.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.