**Alvin Eugene BAKER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19073.**

United States Court of Appeals
Eighth Circuit.

June 5, 1968.

———◆———

James L. Homire, Jr., St. Louis, Mo., for appellant.

Jim J. Shoemake, Asst. U. S. Atty., St. Louis, Mo., for appellee; Veryl L. Riddle, U. S. Atty., on the brief.

Before VOGEL, Senior Circuit Judge, and BLACKMUN and LAY, Circuit Judges.

VOGEL, Senior Circuit Judge.

Defendant-appellant herein was convicted by a jury of a violation of 18 U.S.C.A. § 2312 and thereafter sentenced to confinement for a period of two years. He appeals from the judgment of conviction and raises the sole issue of sufficiency of the evidence to support the verdict of guilty.

Viewing the evidence in the light most favorable to the government, it discloses that on the evening of August 8, 1967, a 1967 Buick automobile parked at 2415 Louisiana Street, Little Rock, Arkansas, was stolen. That same evening, the appellant testified that he entered the stolen car at Fourteenth and Chester in Little Rock. James Rideout and Kenneth Pippins were in the car when appellant entered it, and immediately upon entering the car appellant apparently learned that it was stolen. Appellant was 18 years of age and without any money at the time he entered the car. Appellant rode in the car as it was driven directly from Little Rock, Arkansas, to St. Louis, Missouri, where, six hours later, he was let out at his home at 4355 Maryland, in St. Louis.

Appellant further testified that he did not drive the car, he bought no gas for the car, and he paid no expenses for the trip. There is no suggestion that appellant stole or helped steal the car and there is no evidence or suggestion that appellant entered into a conspiracy with the two other occupants of the car to steal a car for transportation to St. Louis. Thus, the only evidence, as testified to by appellant and by an FBI Agent, against the appellant was his admission that he *rode* in the stolen car.

The trial court instructed the jury that it could infer transportation of the car by possession[1] and further instructed the jury as to what constitutes active or constructive possession.[2] The

---

[1] "Possession in one state of property recently stolen in another state, if not satisfactorily explained, is a circumstance from which the jury might reasonably draw the inference and find, in the light of surrounding circumstances, that the person in possession not only knew it to be stolen property, but also transported or caused it to be transported in interstate commerce."

[2] "The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is then in actual possession of it.

"A person who, although not in actual possession, knowingly has the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it.

"The law recognizes also that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, their possession is joint.

"If you find from the evidence beyond a reasonable doubt that the accused either alone or jointly with others had actual or constructive possession of the automobile described in the indictment, then you may find that such automobile was in the possession of the accused within the meaning of the word 'possession' as used in these instructions."

government argues that the case may be affirmed under this theory. We disagree. There is no evidence suggesting even the barest elements of either actual or constructive possession of this car by appellant. As appropriately noted in another context in Barnes v. United States, 5 Cir., 1965, 341 F.2d 189, 191:

" * * * The effect of the charge in the instant case was to shift the burden of proof to the defendant to overcome a prima facie inference of guilt from the fact of possession, when possession had not been clearly established by the evidence. There was no direct testimony that defendant Barnes ever had possession of the vehicle, but only circumstantial evidence from which the jury could draw the conclusion that the defendant had been in possession."

It is obvious that here the jury would have to infer possession by appellant's mere presence in the car. The constitutional infirmities of such an inference have already been suggested in United States v. Romano, 1965, 382 U.S. 136, 141, 86 S.Ct. 279, 15 L.Ed.2d 210. Even accepting the appropriateness of this initial inference, however, to further infer that appellant transported or caused to be transported this car from the inference of his possession of the car involves such obvious speculation as to be totally inconsistent with the requirements of due process. We agree, to this extent, with the holding in Julian v. United States, 9 Cir., February 28, 1968, 391 F.2d 279, that "where convicting presumptions are projected on possession, the evidence of possession ought to be very clear to satisfy the test of guilt beyond a reasonable doubt." See, also, Wheeler v. United States, 10 Cir., 1967, 382 F.2d 998, 1000. (Appellants "correctly contend that being a mere passenger in a stolen automobile moving in interstate commerce does not prove requisite possession so as to give rise to the presumption of guilty knowledge.")

■ The trial court also instructed the jury that they could return a guilty verdict if they found that appellant had aided and abetted in the transportation of this stolen car.[3] These instructions properly required "participation" by the appellant in the crime because, as noted by Judge Learned Hand in discussing various definitions of aiding and abetting:

"It will be observed that all these definitions have nothing whatever to do with the probability that the forbidden result would follow upon the accessory's conduct; and that they all demand that he in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed. All the words used—even the most colorless, 'abet'—carry an implication of purposive attitude towards it." United States v. Peoni, 2 Cir., 1938, 100 F.2d 401, 402.

Accord: Nye & Nissen v. United States, 1949, 336 U.S. 613, 619–620, 69 S.Ct. 766, 770, 93 L.Ed. 919 (aiding and abetting is "a rule of criminal responsibility for acts which one assists another in performing."); Pereira v. United States, 1954, 347 U.S. 1, 10–11, 74 S.Ct. 358, 98 L.Ed. 435.

■■ This court has had occasion to consider the question of sufficiency of the evidence to find a defendant guilty as a principal because he aided and abetted the criminal acts of another. In a case involving facts similar to the instant case, this court stated, in Johnson

---

3. "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.

"Every person who thus willfully participates in the commission of a crime may be found to be guilty of an offense.

Participation is willful if done voluntarily and purposely and with specific intent to do some act the law forbids, or with specific intent to fail to do some act the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law."

v. United States, 8 Cir., 1952, 195 F.2d 673, 675:

" * *. * To be an aider and abetter it must appear that one so far participates in the commission of the crime charged as to be present, actually or constructively, for the purpose of assisting therein. * * * Generally speaking, to find one guilty as a principal on the ground that he was an aider and abetter it must be proven that he shared in the criminal intent of the principal and there must be a community of unlawful purpose at the time the act is committed. As the term 'aiding and abetting' implies, it assumes some participation in the criminal act in furtherance of the common design, either before or at the time the criminal act is committed. It implies some conduct of an affirmative nature and mere negative acquiescence is not sufficient."

See, also, Mays v. United States, 8 Cir., 1958, 261 F.2d 662, 664; Mack v. United States, 8 Cir., 1964, 326 F.2d 481, 484–486. Mere association is not sufficient to establish aiding and abetting, Ramirez v. United States, 9 Cir., 1966, 363 F.2d 33, 34; presence by itself is not sufficient, Hicks v. United States, 1893, 150 U.S. 442, 450, 14 S.Ct. 144, 37 L.Ed. 1137; United States v. Williams, 1951, 341 U.S. 58, 64, n. 4, 71 S.Ct. 595, 95 L.Ed. 747; United States v. Minieri, 2 Cir., 1962, 303 F.2d 550, 557; and it is also established that knowledge that a crime was to be committed and presence at the scene of the crime are generally not sufficient. Ramirez v. United States, supra; United States v. Garguilo, 2 Cir., 1962, 310 F.2d 249, 253.

This review of the law convinces us that the government has not sustained its burden of proving participation in transporting a car in interstate commerce when it proves only that someone has ridden in a stolen car as it was being so transported.

The government argues that Lambert v. United States, 5 Cir., 1958, 261 F.2d 799, is sufficient authority for the government's position here. There, the appellant waited at the corner of a parking lot as his friend entered the lot and stole a car in New Orleans. The two then drove to Birmingham, Alabama, where a service station operator testified that appellant was still a passenger in the car when the occupants thereof had the gasoline tank filled and drove off without paying. The crucial distinction in that case is that there appellant actually participated in the stealing of the car, possibly by acting as a lookout for his companion, or that the appellant there had formed a conspiracy with his companion to steal the car. Moreover, the appellant was still with his companion in the car the next day and remained in the car even after his companion had left a filling station without paying for the car's service. Thus Lambert involved not only association, but also evidence of participation in the illegal act. Here there is no evidence of participation.

Neither does the government's reliance on Garrison v. United States, 10 Cir., 1965, 353 F.2d 94, impress us because much more circumstantial evidence suggesting possession was presented in that case than is present here. In Garrison, defendant attempted to sell a tire from the car, defendant bought gasoline for the car, defendant directed his partner to drive the car when they left a motel, and defendant was later found in the front seat of the car while his partner was in the back seat. As the court there noted, this evidence "certainly shows some control by Garrison over the recently stolen car and was sufficient for the jury to infer that Garrison was at least an aider and abettor in the transportation of the car and, as such, had possession of it as his codefendant did." No such circumstantial evidence of control is present in the instant case.

A recent case in which the facts most closely parallel the facts here is Allison v. United States, 10 Cir., 1965, 348 F.2d 152. In Allison, a car was stolen in Springfield, Missouri, the night of July 11th. The morning of July 13th Allison was identified as occupying the

right-hand front seat of the car which was parked in a field near Elk City, Kansas. This car was abandoned near Elk City and on the afternoon of July 13th another car was stolen in Elk City and found the next day in Pawhuska, Oklahoma. Allison and another were arrested several blocks from that car and one of them had a jumper cable in his pocket. The court found this evidence insufficient to sustain the Dyer Act conviction of Allison because, "Neither the fingerprint nor the presence in the car shows control, dominion, or authority over the car." 348 F.2d at 154.

We find that the government has failed to present sufficient evidence to prove that appellant transported or caused to be transported the stolen car in interstate commerce so that appellant's motion for directed verdict should have been granted.

Reversed.

BLACKMUN, Circuit Judge (dissenting):

I must dissent. This defendant-appellant and the majority have not convinced me that the evidence is insufficient to support a submission to the jury.

The one count indictment charged Rideout, Pippins, and the appellant Baker with a violation of 18 U.S.C. § 2312, that is, with transporting and wilfully causing to be transported a certain automobile from Little Rock, Arkansas, to Saint Louis, Missouri, knowing the motor vehicle to have been stolen. It is of course well settled that, although an indictment does not refer to the aider and abetter statute, 18 U.S.C. § 2, proof of aiding and abetting sustains the charge of the principal act itself. Jin Fuey Moy v. United States, 254 U.S. 189, 41 S.Ct. 98, 65 L.Ed. 214 (1920); Collins v. United States, 20 F.2d 574, 578 (8 Cir. 1927); United States v. Provenzano, 334 F.2d 678, 691 (3 Cir. 1964), cert. denied 379 U.S. 947, 85 S.Ct. 440, 13 L.Ed.2d 544; Nye & Nissen v. United States, 168 F.2d 846, 855 (9 Cir. 1948), aff'd 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed.

919 (1949); United States v. J. R. Watkins Co., 127 F.Supp. 97, 101 (D.Minn. 1954).

It seems clear that the elements of the crime described by § 2312, and which the government must prove, are (a) that the vehicle was a stolen one; (b) that it was transported in interstate commerce; (c) that the transportation was by the defendant; and (d) that the defendant during the interstate transportation knew that the vehicle was stolen.

It is here admitted by the defense (a) that the automobile was stolen; (b) that it was driven from Little Rock to Saint Louis; (c) that Baker was a willing occupant on that long drive; and (d) that throughout that interstate movement Baker knew the automobile was stolen. Thus, three of the four essentials of the crime are conceded, namely, a stolen vehicle, interstate movement of that vehicle, and knowledge. This leaves unadmitted only the element of Baker's participation in the transportation.

Baker would deny the validity of his conviction on the ground that *he* did not transport the vehicle. Instead, he necessarily takes the position that, despite his being a passenger, despite his knowledge, acquired in Little Rock at the very inception of the drive, that the car was stolen, and despite his willing enjoyment of the benefit of the ride from Little Rock, where he had been briefly working, to his father's home in Saint Louis, he was only an "innocent" six hour passenger in an automobile transported by others who are the really guilty ones. To hold, as the majority do, that this does not create a jury issue is too much for me to accept. Baker should have no such easy avenue of escape from responsibility for participation in a federally proscribed act.

Baker was not an innocent hitchhiker or invited passenger who was unaware of the hot character of the automobile or who became aware of its stolen status only when it was too late for him to disassociate. He testified: He had been working as a stock and delivery boy in Little Rock for about three weeks; he

had, however, known his co-defendant Rideout "a pretty good while", that is, "a year or so"; when he got into the automobile in Little Rock he learned forthwith that it was stolen, for he knew "it was stolen when [he] rode in it from Little Rock to St. Louis"; and it took six hours to make that drive. It is true that Baker also testified that he had no funds; that he did not drive; that he bought no gas; that he paid no part of the expense of the trip; that he did not steal the automobile or help steal it; and that he did not see the car stolen. But, to repeat, he had known Rideout, he knew all the time that the car was stolen, he had a purpose in getting to Saint Louis, he had the benefit of the ride, and he sat there willingly for hours.

It seems to me that these facts afford adequate support for the jury to conclude that Baker indeed participated or aided and abetted in the transportation of the stolen automobile interstate.

I would regard the authorities cited by the majority as quite beside the point. Baker's case is not one of those where the evidence is that the defendant was found in a vehicle only while it was stationary in one state but which had been stolen in another state and subjected to interstate movement. That is the fact situation in Julian v. United States, 391 F.2d 279 (9 Cir. 1968), where the defendant, who was found asleep in the automobile, could have climbed into it after the journey had been completed. It is also the fact situation in Allison v. United States, 348 F.2d 152 (10 Cir. 1965), so heavily relied upon by the majority. This is emphasized in United States v. Battles, 276 F.Supp. 795 (N.D. Miss.1967), where the court noted, p. 796, that in the Allison case "there was no evidence to put the defendant in Missouri at any time". Baker, unlike Julian and Allison, and like Battles, is placed at both ends of the interstate movement.

Those Dyer Act cases, such as Garrison v. United States, 353 F.2d 94 (10 Cir. 1965), Wheeler v. United States, 382 F. 2d 998 (10 Cir. 1967), and many others, which have placed stress on such things as the defendant's purchase of gasoline, his taking a turn at driving, his assistance in changing a tire, and the like, are all cases where knowledge is not conceded; where, therefore, the government must prove such knowledge; and where these factors necessarily bear upon the knowledge issue. Here the requisite guilty knowledge is conceded.

Lambert v. United States, 261 F.2d 799 (5 Cir. 1958), which the defense at oral argument described as "close" to the present case, seems to me to be appropriate authority. That defendant, too, knew the car was stolen and the Fifth Circuit said, p. 802,

"The jury could reasonably infer that Donald and the appellant were jointly in possession of the stolen automobile, or that the appellant aided and abetted in its transportation."

I fail to perceive the factual distinction whch the majority would draw, with their reference to "possibly by acting as a lookout * * * or * * * had formed a conspiracy * * * to steal the car". I regard their holding here as in conflict with *Lambert*.

Baker's conviction deserves to be affirmed.