**UNITED STATES of America, Appellee,**

v.

**Marion E. WEIS, a/k/a "Sonny" Weis, Appellant.**

No. 81–1988.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1982.

Decided April 14, 1982.

Kermit B. Anderson, U. S. Atty., Ronald M. Kayser, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Keith E. Uhl, Scalise, Scism, Gentry, Brick & Brick, Des Moines, Iowa, for appellant.

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

Sonny Weis appeals his conviction for the interstate transportation of a stolen motor vehicle in violation of the Dyer Act, 18 U.S.C. § 2312. We affirm.

Weis was indicted for theft, conspiracy and interstate transportation of a stolen vehicle, arising out of an incident in which a truck cab, trailer and shipment of antifreeze were stolen over the Memorial Day weekend in 1980. The cab was stolen from Omaha, Nebraska; the trailer and its contents were stolen from Council Bluffs, Iowa; and the two ended up together near Stuart, Iowa, although they were ultimately abandoned in separate locations. Weis was acquitted by a jury of the conspiracy charge, and the trial court[1] granted a judgment of acquittal on the theft count (on which the jury had convicted). Thus, the only conviction on appeal is the Dyer Act count, based on the transportation of the stolen truck cab from Omaha to Stuart, Iowa.

Weis attacks the conviction on grounds of insufficient evidence and erroneous jury instructions, both of which ultimately turn on the same question. There is no direct evidence of Weis physically taking the truck cab from Omaha. As Weis concedes, however, there is sufficient evidence that Weis was in possession of the truck in Iowa approximately two days after it was stolen from Omaha. App.Br. at 20, 24. Indeed, there is substantial evidence that, at the time of his possession, Weis was attempting to sell the stolen antifreeze shipment which was in the truck trailer. The district court instructed the jury that it *may*, from evidence of unexplained possession of a vehicle recently stolen from another state, infer the element of interstate transportation with knowledge the vehicle was stolen. Here, because there is sufficient evidence of Weis's possession, there is sufficient evidence to support his conviction—if the "permissible inference" instruction is valid.

■ We recognize that the inference may be rather broad, but it is only a permissible inference and not one that is presumed. The validity of the instruction is well settled in this Circuit. *See, e.g., United States v. Johnson,* 563 F.2d 936 (8th Cir. 1977); *United States v. Verdoorn,* 528 F.2d 103 (8th Cir. 1976). Because the inference is so broad, courts must carefully scrutinize the underlying circumstances of possession to ensure it is proper to even permit the jury to draw the inference. *See Baker v. United States,* 395 F.2d 368 (8th Cir. 1968) (presence as a passenger in a stolen vehicle not sufficient evidence). In the present case, the evidence of underlying possession is not seriously disputed and there is other circumstantial evidence linking Weis to the theft scheme as a whole. We cannot say it was improper to instruct the jury that it may draw the inference which it did.

■ Weis also seeks reversal because of certain statements made by the prosecutor during closing argument. The statements related to the stolen antifreeze having a fair market value of $10,000 and testimony that Weis attempted to sell it for $5,000. The claim on appeal is that such statements constitute reversible misconduct because

---

1. The Honorable Donald E. O'Brien, United States District Judge for the Southern District of Iowa.

the prosecutor was aware of a prior, arguably conflicting statement by a witness to the effect that Weis attempted to sell the antifreeze for $9,000.[2] There is no basis for the claim of misconduct. The prior inconsistent statement was made available to defense counsel well before trial. The relevant witness testified at trial as to the $5,000 figure and the defense was fully able to impeach him with the prior statement, if it so chose. There is no suggestion that the prosecutor relied on false evidence in making the closing argument.

The judgment of the district court is affirmed.

---

2. A witness had earlier told an FBI agent that Weis demanded $5,000 cash, with an additional $4,000 to be paid at a later date.