**James Kenneth JULIAN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21790.**

United States Court of Appeals
Ninth Circuit.

Feb. 28, 1968.

Gordon L. Hawkins, Las Vegas, Nev., for appellant.

Robert S. Linnell (argued), Asst. U. S. Atty., Joseph L. Ward, U. S. Atty., Las Vegas, Nev., for appellee.

Before CHAMBERS, MERRILL and DUNIWAY, Circuit Judges.

PER CURIAM:

The judgment of conviction is reversed.

Julian was found asleep in Las Vegas, Nevada, in a car that had recently been stolen in Texas. He was convicted under the Dyer Act, interstate transportation of stolen property.

If Julian clearly had possession, well established applicable presumptions would operate to justify the conviction.

The checkbook and savings passbook of the last lawful possessor in Texas of the car, an officer of the corporation which owned the car, were found in Julian's pocket. The owner had left these in the car. The conclusion from that, that Julian had possession of the car

is not unreasonable. Perhaps it would satisfy a preponderance test. But where convicting presumptions* are projected on possession, the evidence of possession ought to be very clear to satisfy the test of guilt beyond a reasonable doubt. Slight additional proof might be enough, but we do not have it.

 If the government can produce further evidence for a new trial, it should have the opportunity. The prosecutor should promptly advise the district court whether it can produce further evidence to sustain the indictment. If it can not, the indictment should be dismissed. On a new trial, there should be a little more complete instructions on possession.

---

* Morandy v. United States, 9 Cir., 170 F.2d 5; Jones v. United States, 9 Cir., 378 F.2d 340.