**Martti Quetzi RUONA, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22757.**

United States Court of Appeals
Ninth Circuit.

Nov. 15, 1968.

Marshall C. Cheney, Jr. (argued), Portland, Ore., for appellant.

Sidney I. Lezak (argued), U. S. Atty., Richard C. Helgeson, Asst. U. S. Atty., Portland, Ore., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and CURTIS, District Judge.[*]

MERRILL, Circuit Judge:

This appeal is taken from conviction for interstate transportation of a stolen vehicle in violation of the Dyer Act, 18 U.S.C. § 2312.

Some time during the night of October 2, 1967, a 1965 model Ford automobile disappeared from a restaurant parking lot in San Francisco. It was discovered the afternoon of October 3 south of Ban-

---

[*] Honorable Jesse W. Curtis, United States District Judge for the Central District of California, sitting by designation.

don, Oregon, on a dirt road three miles off the main highway. The car was inoperative, lying across the road with its front wheels hanging over the roadbank.

Three local residents had, on October 3, passed the car at this location and observed and talked to the occupant. The first had seen the occupant jacking up the front of the car in an effort to get it back on the road. The resident had stated he would return later and help to pull the car out. When he returned the occupant had left. The second resident had seen the occupant in the front seat, asked if he needed help and had been told that help was coming. The third resident had observed the occupant asleep in the car. He had roused the occupant and offered help but had been told that help was coming. He had observed a plaid suitcase on the seat beside the occupant. The trunk of the car was open and the jack was in the trunk.

The evening of October 3, about seven miles north of Bandon, Oregon, appellant, while walking along the highway carrying a plaid suitcase, was picked up by the Bandon Chief of Police. His story (as told in court) was that he had left San Francisco the evening before and hitchhiked his way to Bandon. He knew nothing of the 1965 Ford. He had indulged heavily in drugs and his recollection of events was far from clear.

The police chief took him back to Bandon where he was identified as the occupant of the Ford by the third of those who had passed the car earlier that day. On his person and in the suitcase were five items connecting him with the Ford car: its expired registration certificate which had been on the steering column according to the testimony of the owner, R. R. Sears, and four gasoline credit card purchase slips in the name of Sears. Three of these slips (for gasoline purchased October 2 and 3 in San Francisco, Laytonville and Crescent City, California) also connected appellant with the car's interstate trip from San Francisco to Bandon. These three slips did not have the relevant credit card information imprinted. This information, instead,

was written in by hand. The fourth slip, an old one dated July 20, 1967, did have the information imprinted and apparently had been used to obtain credit in lieu of a credit card.

At trial appellant was identified as the occupant of the car by the second and third of those persons who had passed the car on October 3.

Trial was in the District Court for the District of Oregon on December 21, 1967.

■ Two points are raised on appeal:

1. The sufficiency of the proof (that appellant was in possession of the car) to sustain an inference that appellant had transported the car in interstate commerce, knowing it to be stolen. Relying on Julian v. United States, 391 F.2d 279 (9th Cir. 1968), and Allison v. United States, 348 F.2d 152 (10th Cir. 1965), appellant contends that mere occupancy of a parked car is not enough to establish possession in this respect.

There is far more than that here, however. The location of the car itself, three miles off the main highway, high centered with its front wheels off the road, is enough to dispel any competing inference that appellant, carrying his suitcase, had simply happened on it and utilized it as a convenient bedroom. Appellant's efforts to extricate the car show control over the car. His possession of the registration certificate and credit card receipts serve to identify him as the interstate driver.

Proof of possession was ample.

■ 2. Relying on the 1967 trilogy of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. United States, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, appellant contends that it was error to receive in evidence the identifying testimony of the witness who had, pretrial, identified appellant as the occupant of the car, since, at the time of the pretrial identification, appellant was without counsel and had not waived his right to counsel.

Assuming, arguendo, that the admission of this testimony constituted plain error of constitutional proportions,[1] see Rivers v. United States, 400 F.2d 935 (5th Cir.) we hold, under the circumstances of this case, that such error was, as a matter of law, harmless beyond a reasonable doubt.

Judgment affirmed.

1. The admission of this testimony would not, of course, have been error under the rule announced in *Wade* had there been a judicial determination that the in-trial identification had a source independent of the pretrial identification.