**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Joseph SATTERFIELD,
Defendant-Appellant.**

**No. 17017.**

United States Court of Appeals
Seventh Circuit.

May 23, 1969.

Rehearing Denied June 17, 1969.

---

1.  372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962).

1352

Dean E. Richards, Indianapolis, Ind., for defendant-appellant.

K. Edwin Applegate, U. S. Atty., George A. Brattain, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before DUFFY, Senior Circuit Judge, and KILEY and CUMMINGS, Circuit Judges.

KILEY, Circuit Judge.

Defendant Satterfield and John McMillan Gregg were jointly tried before a jury and convicted of bank robbery,[1] and each was sentenced to a term of eighteen years. Satterfield has appealed. We affirm.

The Linwood Square Branch of the Merchants National Bank and Trust Company of Indianapolis, Indiana, was robbed by two armed men at about 11 a.m. July 18, 1966. Police radio broadcasts gave descriptions of the robbers and of an automobile suspected of playing a getaway part in the robbery. An Indianapolis policeman heard the descriptions and commenced checking motels in his assigned area. At about 1:23 p.m., at the Mohawk Motel, he found an automobile answering the broadcast description and radioed for help. After additional policemen arrived, and after surveillance of the room registered to

---

1. 18 U.S.C. § 2113(a).

the automobile user, Satterfield was arrested. Gregg was arrested a short time later in a search of another room by FBI agents. Satterfield was turned over to the FBI who took him and Gregg to headquarters. The indictment, trial and convictions followed.

About a month before trial Satterfield moved, in writing, for severance on the ground that he would be prejudiced at trial with Gregg, since his attorney would not have unrestricted control of the defense; he stated that "at this time" insanity would be one of his defenses. This motion was denied. At the commencement of trial, Gregg's attorney orally moved for severance on the ground that he "believed" there would be a plea of insanity by Satterfield and of not-guilty by Gregg. The court denied the motion, anticipating that the proof would be of defendants' joint activity in the robbery, in the getaway, and in their virtually joint detection and arrest.[2]

Satterfield argues that his "If I did it, I was insane," and Gregg's "I didn't do it" defenses were "highly antagonistic." The prejudice claimed is that an FBI agent while testifying about an oral statement made by Satterfield changed the word "Gregg" to the term "a friend," which created an impression in the jurors' minds that Satterfield had tried to "coyly" cover up Gregg, and made his insanity defense incredible.

■ We are not persuaded that the district court abused its discretion in denying the severance motion. United States v. Echeles, 352 F.2d 892, 896 (7th Cir. 1965). At the time of ruling there was no showing that Gregg's not-guilty defense would deprive Satterfield of a fair trial of his defense. The government's proof would obviously connect both with the alleged robbery, and we cannot see that the court, before trial, should have anticipated that Gregg's defense would in a "real" sense prejudice Satterfield's defense. United States v.

Kahn, 381 F.2d 824, 840 (7th Cir.) cert. denied, 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661 (1967), reh. denied, Sachs v. United States, 289 U.S. 1030, 88 S.Ct. 769, 19 L.Ed.2d 819 (1968). Moreover, we are not persuaded that Gregg's "I didn't do it" defense excluded the jury's fair consideration of Satterfield's "If I did it, I was insane" defense, or that the change of "Gregg" to "a friend" necessarily created the impression Satterfield asserts. The jury could have found, if it believed testimony for Gregg, that Satterfield robbed the bank with some person other than Gregg, and that although Satterfield had done so he was not guilty by reason of insanity.

The district court denied Satterfield's motion to suppress evidence seized in the motel room. He concedes the legality of his arrest, but contends the search was not incidental. He was arrested by Indiana police, in the hall of the motel. The police turned him over to the FBI agents who had arrived on the scene. After he was driven away, other FBI agents searched his room.

Satterfield admits that the Indiana police could have made a warrantless search, but argues that the FBI agents, not having made the arrest, cannot justify their search as incidental to it. The personal searches of Gregg and Satterfield produced money taken from the bank. The search of their rooms revealed a shopping bag identified at trial as having been used in the robbery, and a car key which led to the seizure of clothes in the car said by eye-witnesses to have been worn by the robbers. The substance of Satterfield's contention on these facts, relying principally on Preston v. United States, 376 U.S. 364, 84 S. Ct. 881, 11 L.Ed.2d 777 (1964), is that the search was unreasonable and the fruits inadmissible in evidence.

■ Preston's "remote in time or place from the arrest rule" has no application here, since the search of the automobile was reasonably contemporaneous

2. The court stated the Federal Rules do not provide for a formal plea of insanity but that an insanity defense may be proven under a not-guilty plea.

in time and place of arrest. See United States v. Francolino, 367 F.2d 1013, 1017 (2d Cir. 1966). The search took place at the scene of Satterfield's arrest and only minutes later. We think the search was reasonable, under United States v. Rabinowitz, 339 U.S. 56, 61, 70 S.Ct. 430, 433, 94 L.Ed. 653 (1950), "to find and seize things connected" with the bank robbery which the officers had reasonable grounds to believe Gregg and Satterfield had recently committed. That the search was made by FBI agents instead of Indiana policemen in this federal offense is of no consequence. The cooperative efforts of national and local law enforcement officers is necessary and lawful. See United States v. Simon, 409 F.2d 474 (7th Cir., April 15, 1969).

Finally, Satterfield contends the admission of tainted pre-trial identification evidence is denial of due process. He relies upon the plain error rule to overcome his failure to object at trial. The challenged identifications took place July 18, 1966, before the cutoff date of July 12, 1967, set in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), for the rule—announced in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967)— that excludes identification evidence tainted by exhibiting the accused, without the aid of counsel, to identifying witnesses before trial. See also Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402. Satterfield relies upon the "totality of circumstances" rule recently announced in Foster v. California, and earlier in *Stovall* and Simmons v. United States, 390 U.S. 377, 382–386, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), for a holding that the identifications here were made under unnecessarily suggestive conditions conducive to mistaken identification, and thus fundamentally unfair.

■ It is our view that even if we assume but not decide that the pre-trial identifications were made under unconstitutional circumstances, we are impelled to hold here that their admission at trial was harmless error beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705 (1964); United States v. Franke, 409 F.2d 958 (7th Cir., April 7, 1969). Two witnesses who had not made a pre-trial identification identified Satterfield at trial. Part of the more than $6,000 seized from him was "bait money." Police were informed that the robbers had changed clothes in the getaway car; straw hats and white shirts, described by bank employees as worn by the robbers, were found in the car at the motel three hours after the robbery. A shopping bag described by witnesses as having been used by the robbers was found in the search of the motel rooms. When arrested, defendant had sunglasses with him which met the description by eyewitnesses. Guns described as used were also found. Satterfield orally confessed the robbery.

Judgment is affirmed.