**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Littleton Fred CAPPS, Defendant-Appellant.**

**No. 24335.**

United States Court of Appeals, Ninth Circuit.

Feb. 13, 1970.

Clarence A. Nelson, Jr. (argued), Las Vegas, Nev., for defendant-appellant.

Robert S. Linnell (argued), Asst. U. S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before CHAMBERS, JERTBERG and BROWNING, Circuit Judges.

PER CURIAM.

Appellant was convicted for violating the Dyer Act (18 U.S.C. § 2312). We affirm.

Appellant's first contention is that the evidence was insufficient to support his conviction. He relies upon Julian v. United States, 391 F.2d 279 (9th

Cir. 1969). We think, however, that *Julian* is distinguishable on its facts, and that the evidence of appellant's possession of the stolen car was sufficient.

■ Appellant's second contention is that the evidence that the automobile was stolen should have been suppressed as the "fruit" of post-arrest questioning conducted by the police without giving appellant the requisite *Miranda* warnings. *See* Miranda v. Arizona, 384 U.S. 436, 478–479, 86 S.Ct. 1602, 16 L. Ed.2d 694, 10 A.L.R.3d 974 (1966). Appellant admits in his reply brief, however, that other evidence which was not suppressed at trial and which appellant does not contend was unlawfully obtained "prompted * * * (the police officer) to call Budget Rent-A-Car and learn that the car was stolen." Thus "the exclusionary rule has no application because the Government learned of the evidence 'from an independent source,' Silverthorne Lumber Co. v. United States, 251 U.S. 385, 392, 40 S.Ct. 182, 183, 64 L.Ed. 319." Wong Sun v. United States, 371 U.S. 471, 487, 83 S.Ct. 407, 417, 9 L. Ed.2d 441 (1963).

Affirmed.

CHAMBERS, Circuit Judge (concurring).

I would go further than the majority.

Appellant argues "fruit of poisoned tree" because of an absence of a Miranda warning midway in the investigation.

At the very beginning, the circumstances of the investigation showed something very "fishy" about appellant's occupancy of the stolen automobile.

I take judicial notice of the existence of the National Automobile Theft Bureau, with offices in principal cities of the United States and Mexico, with 24 hour a day service. The F.B.I., police and sheriffs constantly query them. To assume that the Las Vegas police would be so incompetent that they would not query the Bureau is to flout reality. While I agree with the majority that appellant shakes himself out of the poisoned tree, yet we ought to say the point is not valid in any way in a situation such as we have here.

If, in the course of the investigation, something rolls out (without a precedent Miranda warning) that enables the officers to take a short cut to something they would have doubtless found out anyway, we should not worry about the poisoned tree and its fruit.

Miranda was written to protect one's right to silence when one's talking really hurts. Its purpose was not ritualistic.