**Jesse WILLARD, Defendant-Appellant,**

**v.**

**UNITED STATES of America, Plaintiff-Appellee.**

**No. 23663.**

United States Court of Appeals Ninth Circuit.

Dec. 23, 1969.

Rehearing Denied March 12, 1970.

**60**

Alan Saltzman (argued), Hollywood, Cal., for defendant-appellant.

Eric A. Nobles (argued), Robert L. Brosio, Asst. U. S. Attys., Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM.

Appellant was convicted by a jury of robbing a Federal credit union with a dangerous weapon in violation of 18 U.S. C. § 2113(a), (d), (g).

His principal contention on appeal involves a lineup held shortly after the robbery with counsel present. At the lineup appellant, who at that time wore his hair straightened, or "processed," was placed together with five other men, all of whom wore their hair unstraightened, or "natural." Two witnesses to the robbery, who had previously told police that the culprit had processed hair, identified appellant at the lineup. One of these witnesses testified at the trial to the identification made at the lineup. The other witness made an in-court identification of the defendant.

Appellant argues that the lineup to which he was subjected was so unneces-sarily suggestive as to deprive him of due process of law. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199 (1967); cf. People v. Caruso, 68 Cal.2d 183, 65 Cal.Rptr. 336, 436 P. 2d 336 (1968). He urges that the trial court erred in admitting testimony as to the identification of defendant at the lineup, and again in permitting an in-court identification of the defendant without determining whether the in-court identification had an origin independent of the illegal lineup. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). These contentions may well be sound. Foster v. California, 394 U.S. 440 (1969); cf. United States v. Wade, 388 U.S. 218, 232–233, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

But in this case we need not reach such questions. We believe that the other evidence against appellant was "overwhelming," Harrington v. California, 395 U.S. 250, 254, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), and we are able to say that the improper identifications were "harmless beyond a reasonable doubt," Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The other evidence included not only an untainted in-court identification and appellant's own confession, which was properly admitted. It also comprised marked money taken from the credit union, and items stolen from credit union employees, all of which were found on appellant's person when he was arrested a few blocks away and about half an hour after the robbery. Our result here agrees with those reached by this and other circuits on similar facts. Parker v. United States, 404 F.2d 1193 (9th Cir. 1968); Ruona v. United States, 403 F. 2d 215 (9th Cir. 1968); Solomon v. United States, 133 U.S.App.D.C. 103, 408 F.2d 1306 (1969); United States v. Satterfield, 410 F.2d 1351 (7th Cir. 1969).

Affirmed.