UNITED STATES of America,
Appellee,

v.

Jeffery William RHODES, Appellant.

No. 20233.

United States Court of Appeals,
Eighth Circuit.

Nov. 25, 1970.

Alan E. Peterson, Lincoln, Neb., for appellant.

J. Becker, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before VOGEL, MEHAFFY and LAY, Circuit Judges.

VOGEL, Circuit Judge.

Defendant-appellant was convicted by a jury of violating 18 U.S.C.A. § 2312 (transportation of a stolen vehicle in interstate commerce). He appeals from the judgment of conviction, raising the sole issue that the government did not bear its burden of proof as to his possession of the stolen vehicle which he is accused of knowingly transporting in interstate commerce.

It is well established that proof of possession in one state of a vehicle recently stolen in another state is a circumstance along with other evidence in the case from which the jury can infer that the person in possession knew that the car had been stolen and, if there is no satisfactory explanation, that he had transported it or caused it to be transported in interstate commerce. United States v. Brotherton, 8 Cir., 1970, 427 F.2d 1286, 1288; Pigman v. United States, 8 Cir., 1969, 407 F.2d 237, 240; Sewell v. United States, 8 Cir., 1969, 406 F.2d 1289, 1294. Since these convicting inferences arise from the fact of possession, "'the evidence of possession ought to be very clear to satisfy the test of guilt beyond a reasonable doubt.'" Baker v. United States, 8 Cir., 1968, 395 F.2d 368, 370.

Thus, it is necessary to review in detail the evidence which the jury had before it. In doing so we view the evidence in the light most favorable to the jury verdict and accept as established all reasonable inferences tending to support the jury verdict. United States v. Briddle, 8 Cir., 1970, 430 F.2d 1335; United States v. Fryer, 8 Cir., 1969, 419 F.2d 1346, 1349, cert. denied, 1970, 397 U.S. 1055, 90 S.Ct. 1399, 25 L.Ed.2d 672.

The evidence shows that on November 22, 1969, Miss Shirley J. Peco parked her 1963 Buick Electra 225 on the street near her apartment in Kansas City, Missouri. She locked the ignition and put the car keys in her purse. She gave no one permission to use the car that evening. The following morning it had disappeared.

On November 23, 1969, John A. Schmidt, a Nebraska State Patrolman, was patrolling Highway 73–75 in the vicinity of Plattsmouth, Nebraska. At approximately 8:30 A.M. he observed the defendant in a car which was facing south approximately one-half block south of the junction of 66 and 73–75. The car had Miss Peco's Missouri license number and her auto's vehicle identification number. The defendant was alone in the vehicle behind the steering wheel. He was asleep with his head resting against the window glass on the driver's side. In the ignition of the car there was a key on a ring with at least four other keys, none of which belonged to Miss Peco. On direct examination Patrolman Schmidt testified that he was "certain" that the engine was running at this time, but on cross-examination he said that he was "not certain". Upon making a radio check of the out-of-state license number and ascertaining that the car had been stolen, the patrolman arrested the defendant.

We think that there was sufficient evidence for the jury to conclude, as they did, that the defendant had possession of the vehicle. Consequently, the inferences of guilty knowledge and transportation could be properly invoked on the evidence in this case.

"To possess means to have management, care, dominion, authority and control, singly or jointly." Lawrence v. United States, 9 Cir., 1968, 400 F.2d 624, 627. Here defendant was the sole occupant of the vehicle; he was behind the wheel in the driver's seat; he had the means to operate at hand—the ignition key in place. While possibly no one of these factors by itself would be suffi-

cient, together they form an adequate setting from which the jury could properly conclude that the defendant had sole dominion and control over the car and therefore was in possession.

The cases upon which defendant basically relies are inapposite. Baker v. United States, 8 Cir., 1968, 395 F.2d 368, involved a hitchhiker who took a ride in a car which he later learned had been stolen. Certainly, being a mere passenger in a stolen automobile moving in interstate commerce is not the equivalent of being the vehicle's sole occupant sitting behind the steering wheel with the keys to the car in place. See Fitzpatrick v. United States, 5 Cir., 1969, 410 F.2d 513; Lawrence v. United States, 9 Cir., 1968, 400 F.2d 624. In Julian v. United States, 9 Cir., 1968, 391 F.2d 279, the accused was found asleep in the car with personal property of the owner in his possession. However, there was no evidence that he had the means to operate the vehicle. The court noted that "[s]light additional proof might be enough" to sustain the conviction. In the instant case the proof demonstrates that the defendant had the means and was in a position to operate the vehicle.

Defendant additionally notes that Patrolman Schmidt testified that the car was found "near Plattsmouth" and contends that this is not sufficient proof that the car was or had been in interstate commerce. Nebraska Patrolman Schmidt testified that on the day of defendant's arrest he "was working Highway 73–75 in the Plattsmouth vicinity" and that Plattsmouth is in Nebraska. The patrolman also stated that it was the "out of state license" which drew his attention to the car in which defendant was found. This uncontradicted testimony was sufficient to allow the jury to decide that the car was found in Nebraska. Since other evidence in the case proved that the vehicle had been stolen in Missouri, the jury could conclude that the car had been moved in interstate commerce.

Affirmed.