**UNITED STATES of America,**
**Appellee,**
**v.**
**John Paul BROWN, Appellant.**
**No. 20721.**

United States Court of Appeals,
Eighth Circuit.

April 28, 1971.

Richard L. Slagle, Hot Springs, Ark., filed brief for appellant.

Bethel B. Larey, U. S. Atty., and James A. Gutensohn, Asst. U. S. Atty., Fort Smith, Ark., filed brief for appellee.

Before MEHAFFY, GIBSON and LAY, Circuit Judges.

PER CURIAM.

This appeal is filed after conviction of the defendant under 18 U.S.C.A. § 2312 for unlawfully transporting a motor vehicle from Texarkana, Texas, to Garland County, Arkansas.

The defendant's contention on appeal is that there is not sufficient evidence to sustain the verdict. The owner of the stolen vehicle testified as to its physical presence in the State of Texas on Febru-ary 3, 1970. In the evening of that day, she discovered the car missing. The defendant was arrested in Arkansas by the highway patrol on February 9, 1970, approximately 70 miles from Texarkana, Texas. The defendant at first told the trooper he was just driving the vehicle and was thinking of buying it from a friend of his. Later he told the trooper that the car belonged to his half-brother. He refused to give an address for his half-brother. The half-brother did not appear at trial. At the time of his arrest the defendant did not possess a driver's license. At that time the patrolman ascertained that there was a stolen license plate affixed to the vehicle. In addition, the trooper observed that the trunk lid lock had been removed. The defendant told the officer he used a screwdriver to get into it.

Defendant urges there was no proof that he was ever in Texas to take the car. The evidence does show that he told the trooper that he had come through Texarkana, Texas. He did not specify the time or date. However, it is well settled that possession of a stolen automobile in a state other than in which it was stolen gives rise to a permissible inference of interstate transportation and guilty knowledge. When this inference is corroborated by other incriminating evidence, as it was here, there exists sufficient proof to sustain the conviction. Cf. United States v. Rhodes, 433 F.2d 1307 (8 Cir. 1970); United States v. Briddle, 430 F.2d 1335 (8 Cir. 1970); United States v. Brotherton, 427 F.2d 1286 (8 Cir. 1970); United States v. Brady, 425 F.2d 309 (8 Cir. 1970); United States v. Robinson, 419 F.2d 1109 (8 Cir. 1969). See also, United States v. Wright, 431 F.2d 726 (8 Cir. 1970); Burke v. United States, 388 F.2d 286 (8 Cir. 1968).

Judgment affirmed.