**UNITED STATES of America,
Appellee,**

v.

**Roger Morris THUNDERSHIELD,
Appellant.**

**No. 72–1688.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1973.

Decided April 25, 1973.

David L. Bergren, Ft. Pierre, S. D., for appellant.

David R. Gienapp, Asst. U. S. Atty., Sioux Falls, S. D., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge, and VAN SICKLE, District Judge.*

HEANEY, Circuit Judge. ·

Roger Morris Thundershield was convicted of transporting a stolen vehicle in interstate commerce, knowing the vehicle to have been stolen, in violation of 18 U.S.C. § 2312. His counsel contends that there was insufficient evidence to support the conviction, and that the prosecutor's closing argument violated Thundershield's constitutional rights. Thundershield filed a separate brief in which he contends that his counsel did not represent him properly at trial in that he failed to call witnesses who could have established his innocence. Counsel and Thundershield both request a reversal of the conviction. Thundershield asks, in the alternative, that he be given a new trial.

We affirm the conviction. The record shows that a maroon 1968 Dodge Dart, owned by Joseph Denton, was stolen from a parking lot in Billings, Montana, on October 22, 1971. The automobile had Montana license plates. In the car at the time of the theft were boxes of groceries and fishing equipment. Denton did not know the defendant, nor had he given him permission to drive his car. On October 24, 1971, the defendant was seen in the possession of a maroon 1968 Dodge Dart in Little Eagle, South Dakota, by two witnesses. Both observed fishing equipment in the car, and one observed groceries in the car. The defendant wrecked the car later the same day and, thereafter, offered to sell it to one of the two witnesses for $50.00. He could not produce a title to it. The defendant told both witnesses that he had recently been in Montana. The serial number on the wrecked car established that it was the car owned by Denton.

At the close of the case, the court instructed the jury, without objection, that

" * * * possession in one state of property recently stolen in another state, if not satisfactorily explained, is ordinarily a circumstance from which the Jury may reasonably draw an inference and find in the light of surrounding circumstances, shown by the evidence in the case, that the person in possession not only knew it to be stolen property, but also transported it or

* District of North Dakota, sitting by designation.

caused it to be transported in interstate commerce."

■ Counsel argues that the evidence with respect to the defendant's possession was so unclear that the instruction should not have been given and that in any event, the facts do not support an inference that the defendant transported the car or knew that it was stolen. We disagree. The defendant's possession of the car two days after it was stolen was clear and unequivocal. It justified the instruction. Moreover, the testimony as a whole clearly permitted the jury to infer that the defendant had transported the car in interstate commerce knowing that it had been stolen. See, United States v. Rhodes, 433 F.2d 1307 (8th Cir. 1970); Kramer v. United States, 408 F. 2d 837 (8th Cir. 1969); Pigman v. United States, 407 F.2d 237, 240 (8th Cir. 1969).

■ We find no merit to the contention that the prosecutor's argument violated Thundershield's constitutional rights. The prosecutor stated:

"You remember the instruction I anticipated in my opening statement, this instruction that states that you can find in the light of surrounding circumstances, unless there is satisfactory explained [sic]—and I have not heard them satisfactory [sic] explain it under that instruction. He criticizes Mrs. Dogg. Mrs. Dogg testified—and Marvin Dogg did not testify that Roger didn't tell his mother and he said he didn't hear him tell his mother, and Mrs. Dogg told what she remembered and she said that he said, 'I came from Montana.' And she remembers the boxes of groceries in the back seat, the fishing gear, Rod Singer's ranch near Glencross, and the same thing was told. Now, it's easy for Defense Counsel to criticize the FBI of something like this, and he claims the FBI put words in her mouth. Did you see any FBI agents here testifying? No. Mrs. Dogg was called because she was the one that heard it. Mr. Singer was called because he is the one that heard it. And all of these people saw them with the car. There is no satisfactory explanation present of that car. It can only lead to one conclusion, and that is that the Defendant is guilty of the crime charged."

No objection was made to this argument by counsel for the defendant, nor did he make a motion for mistrial. Under such circumstances, we can only set aside the conviction if there was plain error. See, Patterson v. United States, 361 F.2d 632, 636 (8th Cir. 1966). We find no such error here. It is appropriate for a prosecutor to point out that possession has not been adequately explained in his closing argument so long as he refrains from commenting on the defendant's failure to take the stand. See, United States v. Davis, 437 F.2d 928 (7th Cir. 1971).

■ We are left with the defendant's argument that he was denied effective counsel because of his attorney's knowing failure to present evidence that the defendant was never in Montana. This claim must be first considered in District Court, as the defendant relies on alleged facts outside of the present record.[1] An appropriate way to proceed is by way of 28 U.S.C. § 2255.[2] See, Morgan v. United States, 396 F.2d 110 (2nd Cir. 1968). See generally, C. Wright, Federal Practice and Procedure: Criminal, §§ 594, 595. We express no opinion as to the merits of such a claim, but note that under § 2255:

" * * * Inadequate representation by counsel is a ground for relief only if the deficiencies of counsel were so serious that defendant did not have

1. See Lustiger v. United States, 386 F.2d 132, 142 (9th Cir. 1967), cert. denied, 390 U.S. 951, 88 S.Ct. 1042, 19 L.Ed.2d 1142 (1968).

2. A list of law review articles discussing the various proceedings in which the claim of ineffective counsel may be brought is found in Grano, The Right to Counsel: Collateral Issues Affecting Due Process, 54 Minn.L.Rev. 1175, 1241, n. 318 (1970).

'the effective assistance of counsel' in the constitutional sense." (Footnote omitted.)

C. Wright, *supra* at § 594, p. 602.
Affirmed.