## UNITED STATES v. POWELL.

### Nos. 7545, 7546.

District Court, E. D. Tennessee.

July 8, 1938.

TAYLOR, District Judge.

This is a petition for the writ of error coram nobis.

For practical purposes only one question need be considered. Taking the averments of the petition to be true, the situation relied upon as grounds for the issuance of the writ are substantially as follows:

Defendant plead guilty to the offense, inter alia, of transporting a kidnapped person from Tennessee to Georgia. The petition charges the plea of guilty to have been improvidently entered. The petition does not recite facts relative to when the matters now charged as resulting in the improvident plea became known to petitioner. That defect may be waived here for a consideration of the meritorious question. The petition sets out the facts essential to the offense charged, but claims that the facts so set out do not constitute the offense, in that the defendant did not at the time of entering the State of Georgia know that he was entering said State, and would not have entered said State had he known where the State line was; that the entering of said State was the result of following directions of the officer who was illegally held, said officer designating a place within the State of Georgia as the particular place he desired to be released from illegal custody; that petitioner did not know said designated place was within the State of Georgia,

and would not have gone to said designated place had he been aware that it was in said State.

It is not an essential element of the offense charged that the defendant have knowledge of State lines or intent to go from one State to another with such knowledge. The interstate trip, true enough, is essential to jurisdiction, but if the act which results in the crossing of a State line is voluntary, and if the defendant intentionally goes to a designated place and in so doing crosses a State line, he is guilty of the offense charged, the other elements appearing, whether or not he had knowledge at any time of having crossed a State line. This is true even if the defendant mistakenly crossed such State line while intending not to do so.

The petition on this ground is dismissed.

The othe grounds need not be considered. The sentence on this considered charge, being for a longer term than that on the other charges, and the whole to be concurrently served, makes the questions, other than the one discussed, wholly immaterial for practical purposes.

The writ of error coram nobis is never granted except where substantial rights are involved.