**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Anthony Robert KIERSCHKE, Defendant-
Appellant.**

**No. 15091.**

United States Court of Appeals
Sixth Circuit.

April 5, 1963.

Saul M. Leach, Detroit, Mich., Judson
L. Levin, Detroit, Mich., on brief, for
appellant.

William H. Merrill, Asst. U. S. Atty.,
Detroit, Mich., Lawrence Gubow, U. S.
Atty., Paul J. Komives, Asst. U. S. Atty.,
Detroit, Mich., on brief, for appellee.

Before WEICK and O'SULLIVAN,
Circuit Judges, and DARR, District
Judge.

DARR, District Judge.

In a two-count indictment the appellant was charged, with others, with violations at two different times of § 2314, Title 18 U.S.C.A.[1] This section has to do with the transportation of merchandise in interstate commerce of the value of $5,000 or more knowing the same to have been stolen. The appellant was convicted on both counts, from which judgment he appealed.

The one question raised in the appeal is whether an essential element of the conviction under said § 2314 is knowledge on the part of the accused that the stolen merchandise would be transported in interstate commerce.

The statute under which the appellant was convicted is part of what is known as the National Stolen Property Act, which Act is now carried in the Criminal Code at Chapter 113. The particular portion of the Act, at § 2314, pertaining to this case reads:

> "Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud;
> * * *."

For consideration in determining the question presented is § 2 of Title 18 U.S.C.A., which provides:

> "(a) Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal.
>
> "(b) Whoever causes an act to be done, which if directly performed

---

1. When § 2314 is referred to, unless otherwise shown, it means the first parargaph thereof as quoted herein.

by him would be an offense against the United States, is also a principal and punishable as such."

The proof material to the issue to be resolved was stipulated, which was approved by the District Judge. It is as follows:

## "AGREED STATEMENT OF FACTS OF EVIDENCE

"The record contained evidence from which the jury were entitled to find the following:

"1. That certain automobile tires were stolen on at least two occasions from the Goodyear Warehouse in Detroit as charged in the indictment;

"2. That the defendant KIER-SCHKE was a participant in the initial theft of the tires from the warehouse, and in the initial transportation of the tires from the warehouse to certain dealers in the Detroit area, specifically Sam Solomon and Saul Brenner;

"3. That Sam Solomon and Saul Brenner immediately sold the tires to the World Tire Corporation of Toldeo (sic), Ohio;

"4. That the World Tire Corporation sent a truck to Detroit to pick up the tires and that its driver transmitted a check from the corporation to the dealers when the tires were picked up in payment thereof;

"5. That payments were made to one Wilfred King O'Brien at the Goodyear Warehouse by the dealers from the proceeds of these sales to the World Tire Corporation;

"6. That the defendant received payments from Wilfred King O'Brien for his part in the venture;

"7. That these payments for transactions occurring over a year and more amounted to some $350.00 by the defendant's testimony, or to as much as several thousand dollars by Wilfred King O'Brien's testimony;

"8. That the value of the tires transported on each of the two occasions referred to in the indictment was at least $5,000.00."

This stipulation reveals that the appellant participated in the theft of the goods and participated in the initial movement from the place where the theft occurred. It also reveals that the stolen merchandise was not sold to the dealers in Detroit but was sold by them on behalf of all the malefactors to an out-of-state point and a check was received from the purchaser and thereafter appellant received his portion of the ill-gotten money.

The only case cited by counsel for the parties is the only one found by individual search that directly decides the issue in question. It is the case of United States v. Tannuzzo, 174 F.2d 177 (2nd Cir., 1949), certiorari denied 338 U.S. 815, 70 S.Ct. 38, 94 L.Ed. 493. Analyzing § 2314 on the very point to be here decided Judge Augustus N. Hand, speaking for the Court, said:

" * * * The statute under which he was indicted and convicted of the substantive offense does not require proof of knowledge on his part that the stolen goods were to be transported in interstate commerce. It only requires that he knew that the goods had been stolen and that he caused them to be thus transported. If, as the evidence indicates, Vespole stole the furs and turned them over to Tannuzzo and Dellaratta to sell for joint account, without limitation as to where the sale was to be made, the jury might properly find that Vespole caused their transportation when one of his confederates arranged for a sale to Felstein pursuant to which they were taken across a state line. * * * "

In the case at bar it is not denied that appellant stole the merchandise and that he turned the goods over to his partner in crime, his immediate superior, Mr. Wilfred King O'Brien, to sell for his and his confederates joint account.

So, we conclude, as did Judge Hand, that appellant not only caused the theft of the goods but caused their transportation in interstate commerce.

In Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954), Pereira and a Mr. Brading were convicted under the mail fraud statute and the same statute considered here, which concerned the transportation of bank checks. Mr. Pereira actually caused the transportation but the Supreme Court said that Brading, who did not directly participate in the transportation, was so closely allied with the fraudulent scheme he must have realized that to consummate it interstate transportation would be used.

In the case of United States v. Gordon, 253 F.2d 177 (7th Cir., 1958), it was said that under § 2314 knowledge of the interstate transportation was necessary to convict an accused. However, this case is not authority, for the question raised here was not raised or decided in that case. The Court simply followed the government's position, to-wit, that knowledge of the interstate transportation was necessary.

The National Stolen Property Act seems to have been passed in an effort to provide for the federal government to cooperate with the states in the enforcement of law in this particular area. It is troublesome for a state to apprehend and punish criminals who use interstate commerce in furtherance of their crimes.

█ Criminal intent in a violation of the statute under consideration is the theft of the merchandise and the expectation of receiving money from the unlawful act. The value of the merchandise and the use of interstate commerce, of course, are not criminal or immoral. The cases are explicit in deciding that an accused does not have to know the value of the merchandise—that is that the value must be of $5,000 or more— in order to be guilty of violation of this statute. United States v. Schaffer, 266 F.2d 435 (2nd Cir., 1959), affirmed 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960). Likewise an accused does not have to know that the goods will be transported in interstate commerce, but it is sufficient if he causes, or aids, abets or induces such interstate transportation.

The transportation in commerce and the value of $5,000 or more gives federal jurisdiction.

It is to be noted that the second and third paragraphs of § 2314 forbid the interstate transportation of forged and counterfeited securities and forging and counterfeiting tools "with unlawful or fraudulent intent," while the transportation proscribed in the first paragraph of § 2314 does not have the words "with unlawful or fraudulent intent."

In the case of United States v. Sheridan, 329 U.S. 379, 67 S.Ct. 332, 91 L.Ed. 359, the Court made an observation very pertinent to resolving the question presented on this appeal:

"It is true that amended § 3 forbids the interstate transportation of forged and counterfeited securities, and forging and counterfeiting tools, 'with unlawful or fraudulent intent,' while the earlier-proscribed transportation of stolen goods, securities and money is not required in terms to be done with such an intent, but only with knowledge that they had been stolen. This difference would seem to be entirely procedural, not substantive in character." (page 385, 67 S.Ct. p. 335)

In a note to explain what the Court meant by the difference between "entirely procedural" and "not substantive," it is said:

" * * * In other words, it may well be doubted that adding the requirement 'with unlawful or fraudulent intent' in the amended part of the section added anything to the substantive crime; for its effect is apparently only to require the state to allege and prove the unlawful or fraudulent intent, rather than to require the defendant to allege and prove his innocent purpose."

Although this may be obiter dictum, it amounts to an announcement by the Supreme Court that knowledge of the intent to transport the goods in interstate commerce is not necessary for the government to prove in cases based upon the first paragraph of § 2314.

We conclude that the District Judge was correct in his interpretation of this statute and properly submitted the case to the jury. The jury had substantial evidence upon which to convict the appellant.

The judgment of the District Court is affirmed.