Robert Glenn **BIBBINS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 22372.

United States Court of Appeals
Ninth Circuit.

Aug. 16, 1968.

David W. Hagen (argued), Guild, Guild & Cunningham, Reno, Nev., for appellant.

Julien G. Sourwine (argued), Asst. U. S. Atty., Joseph L. Ward, U. S. Atty., Reno, Nev., for appellee.

Before HAMLEY and HAMLIN, Circuit Judges, and PLUMMER, District Judge.*

HAMLIN, Circuit Judge.

Robert Glenn Bibbins, appellant herein, was charged in an indictment filed in

* Honorable Raymond E. Plummer, United States District Judge for the District of Alaska, sitting by designation.

the District Court for the District of Nevada with a violation of 18 U.S.C. § 2312 (Dyer Act). Appellant, through counsel, waived a jury trial and the case was submitted to the district judge upon the following written stipulation of facts:

"Pursuant to Rule 17.1 of the Federal Rules of Criminal Procedure, the parties, by and through their respective attorneys of record and with the consent of the defendant, stipulate, agree and admit that the facts of this case are:

"That on or about June 20, 1967, the defendant, ROBERT GLENN BIBBINS, drove a stolen 1957 Chevrolet, four-door sedan, Vehicle Identification No. VC57L138580, bearing California License No. AQR–236, from Stockton, California, into the State of Nevada, where he was arrested by Officers of the Nevada Highway Patrol and the Carson City Police Department within Ormsby County, near Carson City, Nevada. The defendant knew said vehicle was a stolen vehicle and that it had been stolen at Stockton, California on June 20, 1967, but at the time of his arrest did not know that he was in or had crossed into the State of Nevada, and at no time did he intend an interstate journey."

Appellant was convicted and filed a timely appeal to this court which has jurisdiction under 28 U.S.C. § 1291.

The sole issue raised by appellant is that his conviction must be reversed because the government failed to show that he knew or intended that the stolen automobile would or did cross the line from California to Nevada.

The plain terms of 18 U.S.C. § 2312 do not contain any requirement that the offender must knowingly transport the motor vehicle in interstate commerce. It only requires that there be knowledge that the vehicle is a stolen vehicle. Section 2312 reads in pertinent part: "Whoever transports in interstate * * * commerce a motor vehicle * * knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

While neither party has called our attention to a case raising exactly the same issue, there are a few analogous cases. In Brubaker v. United States, 183 F.2d 894 (6th Cir. 1950), the appellant had been convicted of receiving in interstate commerce a stolen motor vehicle in violation of 18 U.S.C. § 2313. The court stated, "One violates the statute if he receives a stolen car with knowledge of its theft, even if unaware that it had been transported in interstate commerce." 183 F.2d at 898. Similarly, in Pilgrim v. United States, 266 F.2d 486 (5th Cir. 1959), appellant had been convicted of receiving a stolen motor vehicle involving violation of 18 U.S.C. § 2313. The court in affirming the conviction stated:

"[T]he fact that Pilgrim might have been unaware that the stolen car was transported in interstate commerce is not vital. The Dyer Act is violated when one receives a stolen automobile with knowledge of its theft even if he is unaware that it has been transported in interstate commerce." 266 F.2d at 488.

In United States v. Kierschke, 315 F.2d 315 (6th Cir. 1963) the appellant had been convicted of a violation of the National Stolen Property Act, 18 U.S.C. § 2314.[1] In affirming the conviction the court quoted from an earlier opinion written by Judge Augustus N. Hand, United States v. Tannuzzo, 174 F.2d 177 (2d Cir. 1949), where he stated at p. 180:

" 'The statute under which he was indicted and convicted of the substantive offense does not require proof of knowledge on his part that the stolen

---

1. § 2314. "Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; * * *."

goods were to be transported in interstate commerce. It only requires that he knew that the goods had been stolen and that he caused them to be thus transported.'" 315 F.2d at 316.

The court then stated:

"Criminal intent in a violation of the statute under consideration is the theft of the merchandise and the expectation of receiving money from the unlawful act. The value of the merchandise and the use of interstate commerce, of course, are not criminal or immoral. The cases are explicit in deciding that an accused does not have to know the value of the merchandise —that is that the value must be of $5,000 or more—in order to be guilty of violation of this statute. \* \* \* Likewise an accused does not have to know that the goods will be transported in interstate commerce, but it is sufficient if he causes, or aids, abets or induces such interstate transportation." Id. at 317.

In United States v. Powell, 24 F.Supp. 160 (D.C.1938) the court had under consideration a conviction for a violation of the Lindbergh Act. The court there stated:

"It is not an essential element of the offense charged that the defendant have knowledge of State lines or intend to go from one State to another with such knowledge. The interstate trip, true enough, is essential to jurisdiction, but if the act which results in the crossing of a State line is voluntary, and if the defendant intentionally goes to a designated place and in so doing crosses a State line, he is guilty of the offense charged, the other elements appearing, whether or not he had knowledge at any time of having crossed a State line. This is true even if the defendant mistakenly cross such State line while intending not to do so." 24 F.Supp. at 161.

We think the reasoning in these opinions is applicable to the instant case. The cases relied upon by appellant are not apposite. They involve different factual and legal considerations and we are not persuaded by them.[2]

■ We hold that the district court did not err in finding a violation of the Dyer Act where the government failed to prove that the defendant intended to cross or knew that he had crossed a state line with a motor vehicle known by him to be stolen.

Judgment affirmed.

---

**2.** Ackerson v. United States, 185 F.2d 485 (8th Cir. 1950), dealt solely with the question of whether or not the word "stolen" as used in the National Motor Vehicle Theft Act included the common-law crime of false pretenses. Brown v. United States, 277 F.2d 201 (8th Cir. 1960), was also only concerned about the definition of the word "stolen". The cases of Davidson v. United States, 61 F. 2d 250 (8th Cir. 1932); Linde v. United States, 13' F.2d 59 (8th Cir. 1926); United States v. Wapnick, 202 F.Supp. 712 (E.D.N.Y., 1962); all involve charges of *conspiracy* to violate the National Motor Vehicle Theft Act. We do not quarrel with the proposition of law enunciated therein to the effect that to convict for conspiracy requires a greater degree of proof of intent than to convict for the underlying substantive offense.

In Barfield v. United Sates, 229 F.2d 936 (5th Cir. 1956), the government's proof was questionable as to whether the defendant had been driving when the car crossed the state line. The court held that the defendant's participation in part of an intended journey is sufficient to sustain a conviction. We believe that the question before the *Barfield* court was basically a conspiracy issue, for though the government had not charged conspiracy, its proof relied upon a conspiracy theory. Finally, the appellant cites United States v. Brickles, 177 F. Supp. 944 (D.Mont., 1959), where the court was primarily concerned with whether or not the government must establish an intent to permanently deprive the owner of his property in order to make out a violation of the Dyer Act.