UNITED STATES of America, Plaintiff-Appellee,

v.

Otis H. ASHLEY, Defendant-Appellant.

No. 78–5072.

United States Court of Appeals, Sixth Circuit.

Decided Nov. 30, 1978.

Argued Oct. 6, 1978.

William Travis Gobble, Lawrenceburg, Tenn., for defendant-appellant.

Hal D. Hardin, U. S. Atty., Bob Lynch, Jr., Margaret M. Huff, Nashville, Tenn., for plaintiff-appellee.

Before LIVELY and KEITH, Circuit Judges, and LAWRENCE,* District Judge.

LIVELY, Circuit Judge.

Otis Ashley appeals from his jury conviction on two charges involving a stolen automobile. The first count of the indictment charged him and Gail House with transporting a stolen automobile in interstate commerce, on or about December 6, 1976, knowing it to be stolen, in violation of 18 U.S.C. § 2312. The second count charged Ashley and House with selling the same automobile, in violation of 18 U.S.C. § 2313, on or about December 7, 1976. In addition each was charged with aiding and abetting the other in each count. Mrs. House was also convicted on both charges, but this appeal involves Ashley only.

At a joint trial Mrs. House admitted possessing the stolen automobile in Florida, Georgia, Alabama and Tennessee, and admitted selling it at an auction in Lawrenceburg, Tennessee. She testified, however, that she purchased the automobile and denied knowing it was stolen. The automobile in question, a white 1975 Mercury Cougar, was stolen from a used car lot in Florida in early October 1976 and was licensed by Mrs. House in Alabama on October 14th. She testified that she was in Alabama visiting her mother and purchased the car in Huntsville. Mrs. House lived in Florida at the time. Both Mrs. House and her mother testified that Ashley visited the mother's home while Mrs. House was staying there. Ashley also accompanied Mrs. House, her mother and other members of the family to the wedding of a brother in Georgia on October 15, 1976.

Mrs. House testified that after returning to Florida she concluded that the Cougar was a "gas hog" and decided to sell it. Her testimony was that she called the person who had arranged the purchase of the car in Huntsville and he suggested that she take it to Lawrenceburg, Tennessee where he was involved in the used car business. Mrs. House denied that she and Ashley had stayed together in Lawrenceburg at the time of the sale of the car. However, a motel owner testified that Ashley and a female companion stayed at his motel the nights of December 6 and 7, 1976. The witness testified that Ashley told him he was in Lawrenceburg to sell a car.

There was ample evidence that Ashley and Mrs. House were together in Lawrenceburg, Tennessee, though Mrs. House testified that she was there to sell her car and Ashley was there on other business of his own. Nevertheless, Ashley was at the auction where the Cougar was sold. A government witness testified as follows:

Q. Did you see Gail House at the auction that day on December 7?

A. Yes.

Q. All right. Speak up. Tell us when you first saw her and what you saw her doing, if anything.

A. Well, her and Mr. Ashley had a 1975 Cougar they were running through the auction that sold, and they were looking for a car to buy and go back to Florida or wherever it was, I assume.

Q. You said Mr. Ashley. Are you talking about Otis Ashley?

A. Yes.

Q. Did you see Otis Ashley there at the auction that day?

A. Yes.

Q. Was he with anybody?

A. Yes, sir.

Q. Who was he with?

A. With Gail House.

Q. All right. Where—

THE COURT: You said the two of them were there and had a '75 Cougar they were selling, and they bought a car from you later; is that right?

THE WITNESS: Yes.

Mrs. House stated that the man who had arranged the sale of the car accompanied

* The Honorable Alexander A. Lawrence, Senior Judge, United States District Court for the Southern District of Georgia, sitting by designation.

her to a bank where the check she received for the Cougar was cashed. The bank teller who waited on her testified positively that she was accompanied by a man who was not the person named by Mrs. House. She could not identify Ashley as Mrs. House's companion at that time, however.

■ Ashley made a motion for acquittal at the conclusion of the government's case and renewed it after all proof was in. The denial of this motion is one basis on which he seeks reversal. We believe there was sufficient evidence from which the jury could have found beyond a reasonable doubt that Otis Ashley was guilty at least as an aider and abetter in the sale of the stolen automobile. Though Mrs. House testified that she and Ashley were in Lawrenceburg on separate missions, two witnesses stated that he was there to sell a car, and one of these stated both defendants were involved in the December 7th sale of the 1975 Cougar.

■ The record is ·otherwise with respect to the charge of interstate transportation of the stolen automobile. There was no evidence that Ashley operated the stolen automobile on or about December 6, 1976. Though the Lawrenceburg motel operator did testify that Ashley and his companion arrived in a white automobile, he was unable to identify the car as a 1975 Cougar and did not state who was driving. Mere presence in a stolen automobile is not sufficient to sustain a verdict of guilt on a charge of transporting the automobile in interstate commerce. *Camilla v. United States*, 207 F.2d 339 (6th Cir. 1953); *United States v. Robertson*, 417 F.2d 873, 877 (5th Cir. 1969). There must be evidence of possession, actual or constructive, to support a conviction either as a principal or as an aider and abetter. *Baker v. United States*, 395 F.2d 368 (8th Cir. 1968).

In his charge to the jury the trial judge gave the frequently used instruction on unexplained possession of recently stolen property, as follows:

> Possession of propërty recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which the jury

may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen. And possession in one state of property recently stolen in another state, if not satisfactorily explained, is ordinarily a circumstance from which the jury may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession not only knew it to be stolen property but also transported it or caused it to be transported in interstate commerce.

Ordinarily the same inferences may reasonably be drawn from a false explanation of possession of recently stolen property. Now, the term "recently" is a relative term and has no fixed meaning. Whether property may be considered as recently stolen depends on the nature of the property and all the facts and circumstances shown by the evidence in the case. The longer the period of time since the theft the more doubtful becomes the inference which may reasonably be drawn from unexplained possession.

If you should find, beyond a reasonable doubt, from the evidence in the case that the automobile described in the indictment was stolen and was transported in interstate commerce as charged, and that while recently stolen property was in the possession of the defendants in another state from that in which it was stolen, you may from these facts draw the inference that the car was transported or caused to be transported in interstate commerce by the defendants, with knowledge it was stolen, unless possession of the recently stolen property by the defendants in such other state is explained to the satisfaction of the jury by other facts and circumstances in evidence in the case.

■ The foregoing instruction should have been limited to the charges against Mrs. House. It was error to give a blanket instruction on the inference from possession

in view of the vast difference in proof of possession as to Ashley and to Mrs. House. Mrs. House admitted driving the car from Florida to Tennessee for the purpose of selling it and testified that Ashley rode with her for a portion of the trip. There was no evidence of actual possession of the stolen car by Ashley on or about December 6, 1976 and the court gave no charge on joint possession or constructive possession. In order for the court to have properly included Ashley in an instruction on the inference arising from possession of recently stolen property it was essential that the jury be carefully instructed on the law of possession.

In *United States v. Prujansky*, 415 F.2d 1045 (6th Cir. 1969), this court approved an instruction on the inference to be drawn from unexplained possession of recently stolen property. That instruction properly set forth the difference between actual and constructive possession and the necessity for finding that a defendant had possession before the inference may be drawn. *Id.* at 1049. As the instruction in the present case was framed the jury could reasonably have concluded that the admitted possession of the car by Mrs. House and the mere presence of Ashley in the car were equally supportive of the inference of guilt.

Since Ashley did not object to the instruction, Rule 30, Fed.R.Crim.P., we can consider it only as "plain error." Rule 52(b), Fed.R.Crim.P. The instruction worked to the substantial prejudice of Ashley. We conclude that it was plain error under the facts of this case to instruct that an inference might be employed to find Ashley guilty of the transportation charge. That inference could only arise from a finding of possession. The evidence was insufficient to establish actual possession and there was no effort to establish or define joint or constructive possession. See *Barnes v. United States*, 341 F.2d 189 (5th Cir. 1965).

We have considered the other allegations of error and find them to be without merit. The conviction of the appellant Ashley under count two of the indictment is affirmed; the conviction under count one is reversed and the cause is remanded for further proceedings consistent with this opinion.