**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clarence HAYES, Defendant-Appellant.**

No. 83–1709.

United States Court of Appeals,
Sixth Circuit.

Argued April 16, 1984.

Decided July 20, 1984.

Matthew Posner, argued, Detroit, Mich., for defendant-appellant.

Leonard R. Gilman, U.S. Atty., Michael O. Lang, Asst. U.S. Atty., argued, Maura D. Corrigan, Chief, Appellate Division, Asst. U.S. Atty., Detroit, Mich., for plaintiff-appellee.

Before MERRITT and MARTIN, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

Defendant-appellant Clarence Hayes (Hayes) appeals his conviction for aiding and abetting the transportation of a stolen motor vehicle in interstate commerce, knowing it to be stolen. 18 U.S.C. §§ 2, 2312. Hayes contends that the district court erred in ruling that the government was not required to establish, in order to obtain his conviction, that he knew that the stolen motor vehicle would be transported in interstate commerce. For the reasons set out below, we affirm the decision of the district court.

This case arose out of a 1981 Federal Bureau of Investigation project code-named Operation D-ring intended to impede commercial auto theft in the Detroit area. The FBI arranged with the Michigan Secretary of State's office to procure packages consisting of genuine Michigan motor vehicle registration materials. Undercover agents of the Bureau made available these packages to individuals known to be active in commercial automobile theft in the Detroit area, claiming that they could be completed and thereby used to "legitimize" stolen motor vehicles.

Hayes purchased one of these packages from an undercover FBI agent in November 1981 in order to legitimize a stolen Chevrolet automobile, a Corvette. The automobile was subsequently purchased in Michigan by Tom Garrett, with the completed legitimization package, from a man known to him as Tom Hunter.

After purchasing the car, Garrett learned that it was stolen when a friend checked the records of the Michigan Secretary of State and discovered that the car was not on record there. Despite this knowledge, Garrett continued to drive the car in Michigan and across state lines. He was arrested in Detroit in October 1982 while in possession of the car. He pleaded guilty to a violation of the Dyer Act, 18 U.S.C. § 2312.

Hayes was arrested and made a statement admitting that he knew Hunter had obtained a stolen car for Garrett and that he, Hayes, knew that the package that he bought from the FBI agent was for this stolen car. He claimed, however, that he did not know that the car was to be transported across state lines.

Hayes was charged with violations of 18 U.S.C. § 2312 and 18 U.S.C. § 2, aiding and abetting the transportation of a stolen motor vehicle in interstate commerce, knowing it to be a stolen vehicle. 18 U.S.C. § 2312 provides:

Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

18 U.S.C. § 2(a) provides:

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

The defendant waived his right to a jury and the case proceeded before the district court. At the conclusion of proof, Hayes contended that his guilt as an aider and abettor had not been established because it had not been shown that he had knowledge that the stolen automobile would move in interstate commerce when he aided and abetted its sale to Garrett. The district court found that, indeed, Hayes did not have knowledge that the automobile would move in interstate commerce. The district court held, however, that since it had been

proved that the Corvette was stolen, that it had been transported in interstate commerce, that Garrett knew that it was stolen when he so transported it, and that Hayes knew it was stolen when he aided and abetted the sale to Garrett, he was guilty as an aider and abettor. The district court, in so holding, determined that, for a conviction of a principal under § 2312 or an aider and abettor under § 2, and § 2312, the requirement that the vehicle move in interstate commerce is solely jurisdictional and that it need not be shown that either the principal or the aider and abettor had knowledge that the automobile would move or was moving in interstate commerce.

█ Hayes correctly concedes that it need not be shown that one charged as a principal under § 2312 had knowledge that the vehicle was moving in interstate commerce (e.g. *Bibbins v. United States*, 400 F.2d 544, 545 (9th Cir.1968)), but he contends here, again, that it is necessary to show that an aider and abettor had knowledge that it would be so transported.[1] This is the narrow question presented, and we conclude that it is not necessary for a conviction to prove such knowledge on the part of an alleged aider and abettor.

█ In *United States v. Kierschke*, 315 F.2d 315 (6th Cir.1963), the defendant was charged with aiding and abetting a violation of 18 U.S.C. § 2314, a provision very similar to section 2312, which makes criminal the interstate transportation of certain property, knowing it to be stolen. Section 2314 provides:

Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud ... [s]hall be fined not more than $10,000 or imprisoned not more than ten years, or both.

The stipulated facts showed that the defendant was a participant in the theft of automobile tires from a Michigan warehouse and their transportation to tire dealers within the same state. These dealers then sold the tires to an Ohio concern, which sent a truck to Michigan and picked up the stolen tires. The dealers distributed the proceeds of this sale to the participants in the crime, including the defendant. The defendant argued on appeal that an essential element of a conviction under § 2314 was knowledge that the stolen tires would be transported in interstate commerce. In rejecting this argument, this court determined:

Criminal intent in a violation of the statute under consideration is the theft of the merchandise and the expectation of receiving money from the unlawful act. The value of the merchandise and the use of interstate commerce, of course, are not criminal or immoral. The cases are explicit in deciding that an accused does not have to know the value of the merchandise—that is that the value must be of $5,000 or more—in order to be guilty of violation of this statute. [citation omitted] *Likewise an accused does not have to know that the goods will be transported in interstate commerce, but it is sufficient if he causes, or aids, abets or induces such interstate transportation.*

*The transportation in commerce and the value of $5,000 or more gives federal jurisdiction.*

*Id.* at 317 (emphasis added). To the same effect in applying § 2314, *see United States v. Cowden*, 545 F.2d 257 (1st Cir. 1976), *cert. den.*, 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1977).

In *United States v. Beil*, 577 F.2d 1313 (5th Cir.1978), *cert. den.*, 440 U.S. 946, 99 S.Ct. 1422, 59 L.Ed.2d 634 (1979), the defendants were charged with conspiracy (§ 371) to violate § 2312. They contended that it was necessary for a conviction that it be shown that they had knowledge that the automobiles that they had stolen would

---

**1.** *Bibbins* cites *Brubaker v. United States*, 183 F.2d 894 (6th Cir.1950) in which it was held that: "One violates the statute [18 U.S.C. § 2313 making it a crime to receive a stolen vehicle that has moved in interstate commerce, know-ing it to be stolen] if he receives a stolen car with knowledge of its theft, even if unaware that it had been transported in interstate commerce." 183 F.2d at 898.

move in interstate commerce. The court determined that interstate movement was solely a jurisdictional fact and that, while it must be proved, it was not necessary to prove that the conspirators had knowledge that the cars they had stolen would move in interstate commerce.

Hayes relies on the holding of this court in *United States v. Alsobrook*, 620 F.2d 139 (6th Cir.), *cert. denied*, 449 U.S. 843, 101 S.Ct. 124, 66 L.Ed.2d 51 (1980), to the effect that, to prove guilt as an aider and abettor of a violation of the Travel Act, 18 U.S.C. § 1952, it is necessary that it be shown that the alleged aider and abettor had knowledge of the principal's interstate travel. As set out in *Alsobrook*, this is very much a minority view. In any event, unlike the Travel Act, the Dyer Act (§ 2312) by its very terms [2] makes interstate transportation solely a jurisdictional fact, knowledge of which is not an ingredient of the crime.[3]

The judgment of the district court is therefore AFFIRMED.

**2.** *See Beil*, 577 F.2d at 1314.

**3.** *See also, United States v. Yermian*, —— U.S. ——, 104 S.Ct. 2936, 82 L.Ed.2d 53 (1984), holding that in a prosecution under 18 U.S.C. § 1001, which makes it a crime knowingly to make a false statement in any matter within the jurisdiction of an agency of the United States, it is not necessary for a conviction to prove that the defendant made the false statement with actual knowledge of federal agency jurisdiction.