758 F.2d 654
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
WENDELL WHEELER, DEFENDANT-APPELLANT.
 NO. 84-1452
 United States Court of Appeals, Sixth Circuit.
 2/27/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
 BEFORE: LIVELY, Chief Judge; KEITH, Circuit Judge; BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Wendell Wheeler appeals from his conviction for aiding and abetting the transportation of a stolen motor vehicle in interstate commerce, knowing it to be stolen. 18 U.S.C. Secs. 2312, 2 (1982). Wheeler contended in his brief that he is entitled to reversal because the government failed to prove an element of the offense, that is, knowledge that the stolen vehicle would be transported in interstate commerce. He also sought reversal on the basis of an evidentiary ruling.
 
 
 2
 The evidence established that Wheeler assisted Terry Webster in stealing a 1977 cab-over-engine tractor from a vacant lot in Grand Rapids, Michigan. After making some changes in the truck, including a new paint job and the replacement of its vehicle identification number with one from a wrecked truck of the same make, Webster used the truck in interstate commerce. In his brief the defendant Wheeler conceded that the evidence was sufficient to establish that he aided in stealing the truck, but contended he should have been acquitted because there was no evidence that he knew at the time the truck was stolen that it would be used in interstate commerce. This precise argument was made to the court in United States v. Hayes, 739 F.2d 236 (6th Cir. 1984), and rejected. The court concluded that it is not necessary for a conviction to prove that the aider and abettor had knowledge that the stolen vehicle would be transported across a state line. At oral argument counsel for Wheeler recognized that Hayes is dispositive of this issue.
 
 
 3
 The district court permitted Webster, who had pled guilty, to testify about trucks he and the defendant Wheeler had stolen prior to stealing the one involved in this prosecution. This evidence was admitted under Rule 404(b), Federal Rules of Evidence, which permits such evidence to prove intent, plan, knowledge or absence of mistake. Wheeler contends that the evidence should have been excluded under Rule 403, Federal Rules of Evidence, because its probative value is substantially outweighed by the danger of unfair prejudice. We find no abuse of discretion in the ruling of the trial court which admitted this evidence. The evidence was admissible to show intent, knowledge and plan. Wheeler argues that he did not place intent or knowledge in issue. However, his not guilty plea placed all elements of the offense in issue, including his knowledge and intent.
 
 
 4
 Upon the entire record we find no reversible error. Accordingly, the judgment of the district court is affirmed.