UNITED STATES of America

v.

Eric Van JOHNSON and
Carl Anthony Dunn.

No. CR–1–93–24.

United States District Court,
E.D. Tennessee,
at Chattanooga.

Sept. 29, 1993.

Curtis L. Collier, Supervising Asst. U.S. Atty., Chattanooga, TN, for U.S.

Frank B. Perry, Ringgold, GA, for defendant Eric Van Johnson.

Perry H. Piper, Chattanooga, TN, for defendant Carl Anthony Dunn.

### AMENDED MEMORANDUM AND ORDER

EDGAR, District Judge.

This matter is before the Court on the motion to dismiss by defendant Eric Van Johnson ("Johnson"), and Johnson's motion to quash the indictment and to challenge the constitutionality of 18 U.S.C. § 2119 both facially and as applied to his alleged violation of the statute.[1] For the reasons set forth herein, both of Johnson's motions will be DENIED.

On February 18, 1993, a complaint and arrest warrant were issued for Johnson for an alleged violation of the recently enacted

---

1. Although the title of the motion indicates that Johnson is challenging the constitutionality of 18 U.S.C. § 2119, in the body of the motion as well as in the accompanying brief, Johnson is only questioning whether the statute applies to his alleged violation of § 2119. Therefore, since Johnson has not challenged the constitutionality of the statute in the body of the motion or the brief, the Court need not address this issue. It should be noted that at least one court, the United States District Court for the Eastern District of Pennsylvania, has found the statute to be a constitutional use of the commerce power. *United States v. Watson*, 815 F.Supp. 827 (E.D.Pa.1993).

Anti Car Theft Act of 1992, 18 U.S.C. § 2119. Johnson, along with codefendant Carl Anthony Dunn ("Dunn"), allegedly took a Nissan Sentra automobile from its owner, Professor Douglas Kingdon, using a .22 caliber revolver. Professor Kingdon was shot twice. On February 26, 1993, a combined preliminary examination and detention hearing was held in which United States Magistrate Judge John Y. Powers, after hearing arguments on one of the elements of the offense concerning the nexus between the offense and interstate commerce, found probable cause exists to believe that Johnson had violated 18 U.S.C. § 2119. On March 9, 1993, a four-count indictment was returned against Johnson and Dunn. In Count 1 of the indictment, the United States charges Johnson and Dunn with a violation of § 2119.

## I.

■ Johnson argues that the United States has failed to allege an essential element of the federal carjacking crime—that the stolen vehicle was still a part of interstate or foreign commerce at the time Johnson allegedly committed the theft in violation of § 2119. 18 U.S.C. § 2119 provides that:

> Whoever, possessing a firearm as defined in section 921 of this title, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—
>
> (1) be fined under this title or imprisoned not more than 15 years, or both,
>
> (2) if serious bodily injury (as defined in section 1365 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and
>
> (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both.

Johnson says that the phrase, "has been transported, shipped, or received in interstate commerce," has no application to Dr. Kingdon's Nissan Sentra. This phrase is similar to language used in 18 U.S.C. § 922(g) which makes it unlawful for certain classes of people "to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

The Supreme Court found the above quoted language in § 922(g) to be unambiguous, and thus not subject to the rule of lenity. The use of the present perfect tense, "has been," denotes an act that has been completed. *Barrett v. United States*, 423 U.S. 212, 216, 96 S.Ct. 498, 501, 46 L.Ed.2d 450 (1976).[2] The Court concluded, "Thus, there is no warping or stretching of language when the statute is applied to a firearm that already has completed its interstate journey and has come to rest in the dealer's showcase at the time of its purchase and receipt by the felon." *Id.* at 217, 96 S.Ct. at 501. See generally *Scarborough v. United States*, 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977); *Huddleston v. United States*, 415 U.S. 814, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974); *United States v. Bass*, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971); and *Perez v. United States*, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971), for a general discussion of the reach of the commerce power and accompanying language to reflect the exercise of that power.

■ In applying the analysis of § 922(g) in *Barrett* to § 2119, this Court concludes that the language "has been transported ... in interstate" commerce applies to stolen motor vehicles that at least at some point in the past were transported in interstate commerce, but may not necessarily be involved in interstate commerce at the time of the carjacking. The Nissan was manufactured in Smyrna, Tennessee. When it was transported to a dealership in Chattanooga, Tennessee, the uncontroverted evidence is that it crossed from Tennessee into the state of Georgia and back into Tennessee on Interstate Highway 24.[3] Therefore, the terms of the statute requiring transportation in interstate commerce as an element of the federal

---

2. At the time of *Barrett*, the statute section number was 922(h), but it is now 922(g).

3. Affidavit of Wayne H. Jackson, Special Agent, Federal Bureau of Investigation.

car-jacking offense were satisfied.[4]

## II.

There is unrebutted evidence in the record that Professor Kingdon had driven the Nissan on trips to other states such as Florida and Ohio as well as out of the continental United States to Canada.[5] The Dyer Act, 18 U.S.C. § 2312, provides that "[w]hoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both." The language in § 2312 dealing with transportation of a motor vehicle in interstate commerce has been interpreted to include driving the vehicle across state lines. *See United States v. Hayes,* 739 F.2d 236 (6th Cir.1984) (car driven from Michigan to other states provides element of transportation in interstate commerce); *United States v. Trombley,* 733 F.2d 35 (6th Cir.1984) (drive from Michigan to Texas constituted transportation in interstate commerce); *United States v. Ashley,* 587 F.2d 841 (6th Cir.1978). Therefore, the phrase "transport in interstate commerce" includes driving a motor vehicle under its own power from state to state. Because Professor Kingdon had previously driven the Nissan in several states, the vehicle for that reason had also been "transported" in interstate commerce as required by § 2119.

Of course at trial the government will have to prove as an element of the offense that Professor Kingdon's Nissan Sentra has been "transported, shipped, or received in interstate or foreign commerce." At this pretrial stage of these proceedings, the Court holds only that the government may satisfy its burden of proof on this element if it proves beyond a reasonable doubt that either (1) the vehicle crossed a state line en route from its place of manufacture to Professor Kingdon; or (2) the vehicle crossed a state line after Professor Kingdon purchased it.

Accordingly, the motion to dismiss by defendant Johnson, and his motion to quash the indictment and to challenge the constitutionality of 18 U.S.C. § 2119 both facially and as applied to his alleged violation of the statute are **DENIED.**

SO ORDERED.

---

4. It could be said that under these circumstances the vehicle was also "shipped or received" in interstate commerce.

5. Jackson Affidavit.